## HENDERSON v. SHIFLETT.

The mother of a bastard child has a legal right to file objections to a petition brought by the father for the purpose of legitimating the child. The uncontradicted evidence on the trial of the issue thus formed in the present case showing that the father was a profligate character, dissipated, worthless, insolvent, and authorizing the judge to conclude that the petition was not filed in good faith, the judgment refusing to legitimate the child was demanded.

Argued June 17,—Decided July 26, 1898.

Petition to legitimate child. Before Judge Henry. Floyd superior court. July term, 1897.

A bastard girl was born in February, 1896. The father was indicted and tried for seduction, and was found guilty of fornication. He was afterwards prosecuted for bastardy, and pending the indictment for this offense he married a woman other than the mother of the child. He then brought a petition to the superior court, praying that the child be legitimated, that its name be changed so that she should bear his name, and that her mother be served and be required to show cause why this prayer should not be granted. A rule nisi issued, and the mother filed the following objections: (1) The petition was not brought in good faith, but to avoid a prosecution for bastardy. (2) The child is yet unweaned; and her father is of no means, profligate in his habits, and not likely to accumulate any property which could be inherited by the child. (3) Objector has endured sufficient mental suffering from the wrong done her by the petitioner, and ought not to be subjected to further grief and mortification by having her child bear the name of the perpetrator of her wrong and shame. (4) No benefit will accrue to the child by the granting of the petition. These objections were allowed as against a demurrer upon the ground that they were insufficient in law; and upon hearing testimony the court denied the prayer of the petition. Error is assigned on these rulings. The petitioner offered in open court to allow the child to stay and live with her mother, or to take and raise her himself; such agreement, if desired, to be put into the court's order. The testimony was, in substance, as follows: The mother has led an honest life, except her cohabitation with the father of the child. She is twenty-two years old, strong and able to work, and lives with her father and brother, and these three get along well together. Her mother is dead. The child (eighteen months old) is unweaned and in need of maternal care. The father is profligate and insolvent, and likely to remain so. He is worthless and trifling, dissolute and impecunious, gets drunk occasionally, and runs with fast women; and judging from his habits he is likely to remain insolvent. He has no property or means except his labor. He ran away to avoid arrest, but was brought back and tried for seduction, with the result already stated. The child's mother is kind to her, and she and her father and

brother can take care of the child. She has behaved decently, and is above reproach except as to her relations with the father of the child.

*Wright & Ewing,* for plaintiff in error.

*McHenry & Nunnally,* contra.

LEWIS, J. The only question presented by this record is, whether or not the mother of a bastard child has the right to file objections to proceedings instituted by its father for the purpose of legitimating the child. The natural ties of affection which bind the mother to her offspring certainly give her the deepest concern and interest in its welfare; and, independently of any statute, it would seem that she would have a right to be heard in court whenever steps are taken to place her child under the control or in the custody of another. It is true in this case that the plaintiff stated on the trial he was willing for the mother to retain the custody of the child; but even if such an agreement could be binding in a proceeding of this sort, it does not provide for the welfare of the child in the event the mother should die during its minority. The statute (Civil Code, § 2494) provides that when such application is made, the mother, if alive, shall have notice. There would be no sense in such a requirement of notice if the mother were not allowed to be heard in the case. The law is not mandatory upon the judge to grant the prayer of the petitioner simply upon proof of the fact that he is the father of the child; but it says that he "*may* pass an order declaring said child to be legitimate." As to whether or not it is proper to grant such an order would depend upon the facts and circumstances presented to the court upon the hearing. His refusing the application in the present case was not only no abuse of discretion, but was a wise, just, and humane exercise of it.      *Judgment affirmed. All the Justices concurring.*