## 35037. MURPHY *v.* THOMAS.

CARLISLE, J. 1. The mother of an illegitimate child is entitled to file objections to a petition brought by the putative father to legitimate and to deny the application for legitimation (*Henderson* v. *Shifflett,*

105 *Ga.* 303, 31 S. E. 186); and, since the gist of the mother's objections to the father's petition to legitimate the child is that he has no paternal interest in the child, but seeks only to deprive her of the child by delivering the child into the custody of his (the putative father's) mother and father, which if true would authorize the trial court in the exercise of its discretion to find that the petition was not filed in good faith and to deny the application for legitimation (*Henderson* v. *Shifflett,* supra), the trial court did not err in overruling the general and special demurrers to the mother's objections.

2. From the evidence and reasonable inferences to be drawn therefrom, the court, as trior of the facts and the law, was authorized to deny the father's application to legitimate the child; and there having been no showing that the court abused its discretion in so doing, this court will not disturb that judgment.

3. The assignment of error on the admissibility of certain evidence objected to on the trial was not argued or insisted upon generally, either orally or in the brief of counsel for the plaintiff in error, and is treated as abandoned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 24, 1954.

*Peter W. Walton,* for plaintiff in error.

*Bob Humphreys,* contra.

To Windell Murphy's application to legitimate his four-year-old daughter who was born out of wedlock, the mother, Sara Lee Thomas, interposed substantially the following objections: (1) She, the mother, is a resident of Colquitt County, Georgia. (2) Windell Murphy is the father of her illegitimate daughter, who was born on December 25, 1949, but he should not be permitted to legitimate the child or to give the child his surname for the following reasons: (a) The father's petition to legitimate the child is not brought in good faith, but is brought as a part of a conspiracy between him and his mother and father, Steve and Gussie Mae Murphy, to gain custody and control of the child for his mother and father, and to enable him to bring a petition for a writ of habeas corpus to obtain possession of the child so that he can turn her over to his mother and father. In this connection it is alleged that on October 22, 1953, Steve and Gussie Mae Murphy filed a petition for a writ of habeas corpus against the child's mother and the maternal grandmother, Nonie Thomas, in which it was alleged that they were illegally detaining the child, but the court in that proceeding, on October 24,

1953, entered judgment against the paternal grandparents. The paternal grandmother then filed suit, on October 28, 1953, against the child's mother seeking to recover $2,200, alleged to have been paid out by her for necessaries and care furnished the child, and that suit is still pending in court. The father's petition is not brought in good faith because of the further fact that the father has never at any time since the child's birth attempted to legitimate her and has never personally contributed one cent to the child's support, but as a part of his scheme to gain possession of the child did send a twenty-dollar money order to the mother, which she returned to him, and this money was sent within the two weeks prior to the mother's filing of her objections to his petition to legitimate the child. The mother alleged further that she has a good job and lives with her mother, Nonie Thomas, who has a good job as a teacher in one of the colored schools of the county, and that she can, does, and will support and care for the child, who has been ignored by her father and permitted by him to be a bastard since her birth. The father has never had the child in his custody and control and has never exercised any parental authority over the child, and only since his mother and father's failure to secure possession of the child by writ of habeas corpus and the filing of his mother's suit against the child's mother for necessaries has he evinced any interest in gaining control of his child by legitimating her. It is alleged further that Gussie Mae Murphy, the paternal grandmother of the child, took the child and kept her for more than a year in the State of Texas without the consent of the child's mother, and Gussie Mae Murphy still has a job in Texas to which she desires to return, and she will take the child back to Texas if the father can gain possession of her. The mother of the child is not financially able to go to Texas to commence proceedings to recover the child in the event Gussie Mae Murphy gets physical possession and control of her. (c) The mother of the child further objects to the legitimation of the child, who is now in her custody and living in her home and whom she is supporting, for the further reason that the father of the child, on July 31, 1953, married another woman and they will have a child, and the father has had over three years within which to legitimate the child, either by marrying the mother, or by petition to legitimate, but he has never

pursued either of those courses, and is now married and living with another woman. (d) The mother of the child has suffered and endured sufficient mental pain from the wrong done her by the father of the child and ought not be subjected to further grief, worry, aggravation, and spite by having her child bear the father's name. The father's petition has been filed only for the purpose of placing the child under his full or part-time custody and to permit his father and mother to acquire physical possession of the child so that they may take her to the State of Texas. When the child was born, her name was registered with the local welfare department as Gwendolyn Thomas and remains the same as of the date of the filing of the objections to the father's petition to legitimate, and she will be known by that name if the court denies the father's petition. (e) No good or benefit will accrue to the child by granting the petition, and the child needs the care of her mother, who treats the child in a kind, affectionate, and good manner, and she, the mother, and her mother, can take care of the child and rear her in a Christian home. The mother of the child is of good moral character, and her character is above reproach except for the relation had with the father of the child, when she, the mother, was fourteen years of age. (f) The father of the child is of no means and is not likely to accumulate any property which could be inherited by the child.

The father's general and special demurrers to the mother's objections were overruled, and he assigns error on that judgment. Upon the trial of the case the father objected to the admission of certain evidence, and error is assigned on this ruling. After hearing the evidence, the court denied the father's petition, and error is assigned on that judgment.