## 35836. BENNETT *v.* DAY.

DECIDED OCTOBER 5, 1955.

684

Shaw & Shaw, George P. Shaw, for plaintiff in error.

W. A. McClure, Robert E. Coker, M. Neil Andrews, contra.

GARDNER, P. J. ■ The first question which the court will consider is whether or not the trial court erred in overruling the plea of the defendant to the jurisdiction of the court. At common law the status of a bastard was fixed and the rights of a bastard were few. For a discussion of the progressive steps by which the laws of Georgia have alleviated the position of a bastard, we call attention to Hicks v. Smith, 94 Ga. 809 (22 S. E. 153), wherein the court said: "The status of the bastard as fixed by the common law, *except as changed by statute,* remains under our system of laws." (Italics ours.) The right to legitimatize a bastard child is statutory, and the provisions as to such are found in Code § 74-103, as follows: "A father of an illegitimate child may render the same legitimate by petitioning the superior court of the county of his residence, setting forth the name, age, and sex of such child, and also the name of the mother; and if he desires the name changed, stating the new name, and praying the legitimation of such child. Of this application the mother, if alive, shall have notice. Upon such application, presented and filed, the court may pass an order declaring said child to be legitimate, and capable of inheriting from the father in the same manner as if born in lawful wedlock, and the name by which he or she shall be known."

The jurisdiction has been and is now vested only in the superior court of the county of the father's residence. Under the facts of this case, undisputedly the father is a resident of Walker

County. The Code section hereinabove quoted was codified from an act approved March 6, 1856 (Ga. L. 1856, p. 260). This section has gone through all the Codes, including the present one. Along the way certain words were changed as follows: The words "the court may pass an order" were substituted for the words "It shall be the duty of the court to pass an order." The Code section appears in the Code of 1873 in its present form. The Supreme Court in *Henderson* v. *Shiflett*, 105 *Ga.* 303 (31 S. E. 186), and the Court of Appeals in *Thomas* .v. *Murphy*, 89 *Ga. App.* 687 (81 S. E. 2d 26), held that the provisions for notice to the mother necessarily inferred the right to object.

It is contended by counsel for the defendant that the Code section hereinabove referred to is in violation of the Constitution of the State of Georgia of 1945, art. VI, sec. XIV, par. VI (Code, Ann., § 2-4906). This question cannot be brought to an appellate court for the reason that, before an appellate court would have authority to determine such issue, the question must first be raised in the trial court and a ruling thereon had in the trial court. See *Aiken* v. *Richardson*, 207 *Ga.* 735 (64 S. E. 2d 54). The court did not err in overruling the plea to the jurisdiction.

■ The next question to be determined is whether or not the court erred in overruling the plea in abatement. In the consideration of this question rest the germane issues in the case. Counsel for each party devote learned and considerable argument on this issue. It involves the question of whether or not the trial court is bound to have a jury pass upon the facts. We have found no law, and our attention has been called to no provisions of law, requiring the court of its own motion to submit the facts to a jury in such a proceeding. The court may do so, but the law does not require it to do so. It is the law further that, in a case such as we are now considering, either party may require the court to submit the facts to a jury for determination. Neither party in the case at bar made such a requisition to the court. In the absence of such a request, the court is authorized, under all the authorities which we have examined, to pass upon the questions of law and fact, as the court did in the instant case. It follows that either party may except to the findings of fact by the court in the same manner as if a jury had passed upon the facts. A motion for new trial may be based on the finding of

facts by the court as though it were a jury verdict regarding the facts, or either party may, without filing a motion for new trial, file a direct bill of exceptions to an appellate court. Counsel for each party cite numerous decisions concerning this issue. In our opinion it is unnecessary to enumerate those authorities. So we decide on this question that the superior court has authority, in such cases as this, to submit the facts to the jury, or that either party may require the court to submit the facts to a jury. No request was made by either party that the facts be submitted to a jury for a verdict thereon, and the court did not of its own initiative submit the facts to a jury for determination. The court passed on the law and the facts. The court found, as we have set out above, upon the evidence introduced on the hearing of the plea in abatement that the plaintiff was not entitled to legitimatize his bastard child. Since the court was authorized, under the law, to render this judgment, the plaintiff was authorized to file a motion for new trial, which he did. As to the statutory grounds and the special grounds, the court was within its authority in allowing this motion for new trial, and the plaintiff is not required to bring the case here on a direct bill of exceptions, as the defendant contends. Therefore, this contention on the part of the defendant is without merit.

■ We, therefore, come to consider whether or not the court abused its discretion in granting a first new trial. To discuss this question intelligently, it is necessary for us to set forth generally the evidence. The plea in abatement alleged that the plaintiff had no parental love for the bastard child; that his petition was brought in bad faith in order to compel the defendant to resume her cohabitation with him; that he is a criminal, having been convicted several times; that he had not contributed anything to the support of the child; that he is an immoral and degraded character in every respect; that there is pending in DeKalb County a proceeding for the adoption of the child by a competent and high-class couple; that the defendant has consented to the adoption and did temporarily release the custody of the child to the petitioners for adoption; that the applicants for adoption had accepted the temporary custody of the child pending a final decree; that the child's name was given to the prospective adopting parents as Daphne Virginia Bennett; that

the child is a resident of DeKalb County, where adoption proceedings were instituted; that to change the name as the plaintiff desired would very likely upset the adoption proceedings. The plaintiff denied these allegations, and introduced evidence to support his contentions. This evidence was to the effect that he was amply able to support the child, and that the criminal offenses charged against him were many years prior to his petition to legitimatize his bastard child; that recently and at the time of the trial he was supporting his child. The trial court, after consideration of all the evidence and the law, granted a first new trial. It is likely that the court felt, under the evidence and the law, that the plaintiff was entitled to legitimatize the child and it is also likely that the court determined that error was committed in refusing the petition of the father to legitimatize the bastard child, so that it could inherit from him. We might state also that this is not a question involving the disposition of custody of the child. The Superior Court of DeKalb County may or may not approve the adoption of the child, which proceeding is now pending in that court. The disposition of the child is yet to be finally determined. That is a question far apart from the proceeding of the father to legitimatize the child. He may yet, or anyone else, may appear in the adoption proceedings and testify as to what is to the best interest of the child. The court may award the custody of the child to some third person on a final hearing, having in mind only the welfare of the child. This may be done regardless of the desires of either the father or the mother of the child. In view of such a situation, the trial court did not abuse its discretion in granting a first new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*