JAMES WILLIAM QUEEN, b/n/f, James Wilbern Queen,
Plaintiff-in-Error,

*v.*

PEGGY SUE (Piercy) JOLLEY and Mike Jolley,
Defendants-in-Error.

410 S.W.2d 416.

(*Knoxville,* September Term, 1966.)

Opinion filed December 14, 1966.

428

W. T. Thrasher, Jr., and Berke & Berke, Chattanooga, for plaintiff in error.

James C. Lee, Chattanooga, for defendants in error.

Mr. Justice Chattin delivered the opinion of the Court.

This suit was brought by James William Queen, a minor, by his next friend and father, James Wilbern Queen, against Peggy Sue (Piercy) Jolley and Mike Jolley.

The petition alleged that James Wilbern Queen, the father of James William Queen, a minor of the age of

eight years, was a bona fide resident of the State of North Carolina and the defendants, Peggy Sue (Piercy) Jolley and Mike Jolley, were residents of Hamilton County, Tennessee.

The petition alleged the child was born out of wedlock to James Wilbern Queen and Peggy Sue (Pierce) Jolley in Melbourne, Florida, on May 11, 1957.

It was also alleged that the minor, James William Queen, was at the time of the filing of the petition living with has natural mother and stepfather, Mike Jolley, in Hamilton County, Tennessee.

The petition sought an order of the court legitimating the minor, James William Queen.

The defendants filed a plea in abatement to the petition. The plea averred the defendant and mother of the child had been awarded the sole and exclusive custody of the child by the courts of North Carolina; and, therefore, the putative father was without authority to maintain the action in the name of the minor son; and that the trial court was without jurisdiction to entertain the suit because the father was not a resident of Hamilton County, Tennessee.

The trial judge sustained the plea and dismissed the petition on the ground the court was without jurisdiction for the reason the father was a nonresident of Hamilton County.

An appeal has been perfected to this Court. There is one assignment of error, which we quote:

"The trial court was in error in sustaining the plea in abatement, because the court had jurisdiction over all the parties before it, and the child who was the

object of legitimation was a resident of Hamilton County, Tennessee, and the Circuit Court of Hamilton County, Tennessee, was the only court that had lawful jurisdiction of the petition."

It is our opinion the trial judge correctly sustained the plea and dismissed the petition.

T.C.A. Section 36-301 (Supp.1965) provides:

"The circuit, juvenile, probate and county courts have concurrent jurisdiction to legitimate children on the application of a resident of the county in which the application is made."

T.C.A. Section 36-302 (Supp.1965) provides:

"An application to legitimate a child not born in lawful wedlock is made by petition, in writing, signed by the person wishing to legitimate such child, and setting forth the reason therefor and the state and date of said child's birth."

T.C.A. Section 36-306 (Supp.1965) provides in part:

"When, under the provisions of this chapter, the relationship of parent and child is established between the petitioner and the child named in the petition and an order of legitimation has been entered, the child shall be a legitimate child of the petitioner for the purpose of inheriting from him as if born to him in lawful wedlock."

Under the facts as alleged in the petition the person seeking to legitimate the minor is the father, who is not a resident of Hamilton County.

■ The statute clearly requires the petitioner in a legitimacy proceeding to be a resident of the county in

which the petition is filed. This is the general rule in such actions. 1 Vand.L.Rev. 123 (1947); *Bennett v. Day,* 92 Ga.App. 680, 89 S.E.2d 674, 675 (1955).

It is argued, however, that the minor, the real party in interest, is a resident of Hamilton County; and, therefore, the courts of that county had jurisdiction of the parties as well as the subject matter.

We do not agree. T.C.A. Section 36-302 is explicit in that the petition is to be made in writing by the person desiring to legitimate the child and signed by such person.

■ A next friend is not a party, but rather a manager or conductor of the suit, the infant being the real party. T.C.A. Section 20-101; *Nashville Interurban Railway v. Morton,* 3 Tenn.Civ.App. 332 (1912).

Thus, the situation we have here is the infant is suing his mother and stepfather. The father, as next friend, is nothing more than a nominal party.

■ Furthermore, we are of the opinion only a parent can file a petition to legitimate an infant since T.C.A. Section 36-306 specifically states: "When, under the provisions of this chapter, the relationship of parent and child is established between the petitioner and the child. * * *."

■ Thus, it is clear the petitioner must establish the relationship of parent and child between the petitioner and the child named in the petition. Otherwise, the court may not enter an order of legitimacy.

■ It is next insisted this suit is a paternity suit under T.C.A. Section 36-222 et seq., and for that reason jurisdiction was in Hamilton County. We do not agree

the suit is a bastardy proceeding. The father here admits his relation to the child. A paternity proceeding is brought against the alleged putative father to establish paternity.

■ Lastly, it is contended all the parties were in Hamilton County when the petition was filed; and, therefore, the courts of that county were the only courts having jurisdiction of the proceeding.

The petition alleged that the child lived with his father and his present wife in North Carolina for approximately seven years. North Carolina has a legitimation statute. Gen.Stat. N.C. Section 40-10 (1950).

Why the father did not seek to legitimate the child during those years does not appear in the record.

While it seems harsh for the legislature to close the doors of our courts to nonresidents in legitimation proceedings; yet, there is nothing the courts can do in regard thereto. It is the duty of the courts to interpret and enforce the laws, not to make them; that being a legislative duty.

It results the trial court is affirmed with costs.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.