## 49768. BEST v. ACKER.

Evans, Judge.

An unmarried girl, age 17, and a young man, age 19, became parents of a baby girl. Thereafter, the unwed mother released her right to custody of her child to the Georgia Department of Human Resources, Division of

Community Services, for the purpose of placing the child for adoption.

Upon the urging of his parents, the young man sought to legitimatize the child. The young mother filed objections thereto, contending that the application to legitimatize the child was not in good faith, but was merely to obtain custody for his parents; that she had released her right to custody to the Department of Human Resources, and had consented to the adoption of the child and that his petition is brought merely to embarrass and humiliate her in the community in which they live. She alleges that the father has no means to support the child and that the legitimation proceeding would not be to the best interest of the child.

A hearing was held, and the court rendered its findings of fact and conclusion of law to the effect that the application was merely seeking custody through legitimization for his parents, that it would not be to the best interest of all concerned to legitimatize the child, and the petition was denied. Applicant appeals. *Held:*

1. *Henderson v. Shiflett,* 105 Ga. 303 (31 SE 186); *Murphy v. Thomas,* 89 Ga. App. 687 (81 SE2d 26); and *Bennett v. Day,* 92 Ga. App. 680 (89 SE2d 674), hold that the mother of an illegitimate child may file objections to the legitimization of the child as the law requires notice and necessarily implies the right to object.

2. Applicant moved to dismiss the answer because the mother had consented to adoption and thereby had released her right of custody. This motion was denied. This ruling was proper for custody and control of the child is not involved as a distinct issue in such a hearing. *Bennett v. Day,* 92 Ga. App. 680, 689 (3), supra.

3. Even if the mother had waived all right to custody and control of her child born out of wedlock, this does not prevent her from objecting to the legitimization of the child, nor does it prevent the court's making inquiry into the reasons for such application. No abuse of discretion was shown in denying the application, as the court held, and as was supported by the evidence, that the petition was not filed in good faith, but was filed because applicants' mother wanted to adopt the child. The father had not even sought to marry the child's mother. The

mother could and did show evidence of humiliation and embarrassment to her if the child is legitimatized. Of course, we must keep in mind that the best interest and welfare of the child is paramount at all times.

4. The court, in exercising the power of the state, as parens patriae of a minor, as in custody cases, must always look to the best interest and welfare of the child where there exists no absolute legal right in the applicant to the aid he seeks. See in this connection *Williams v. Crosby,* 118 Ga. 296 (45 SE 282); *Sloan v. Jones,* 130 Ga. 836, 850 (62 SE 21). No abuse of discretion has been shown.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED OCTOBER 2, 1974 — DECIDED NOVEMBER 7, 1974.

*Roy N. Newman,* for appellant.
*Horace T. Clary,* for appellee.

