## 58710. JOHNSON v. TAYLOR.

BIRDSONG, Judge.

Adoption. Silas Johnson and Verna Johnson were divorced in 1976 and their two minor children were placed in the custody of Verna Johnson. Subsequently, Verna Johnson married Russell Taylor. On December 22, 1978, Taylor filed a petition to adopt the youngest child, Sandy Johnson, aged 10 at the time of the filing of the petition. The mother, Verna Taylor, joined in the petition for adoption. The petition sought to avoid the obtention of the consent of the natural father, Silas Johnson, the objector to the adoption proceedings, by alleging that Silas Johnson had wilfully refused to support his child Sandy Johnson for a period of more than one year prior to the petition for adoption, as provided in Code Ann. § 74-405 (b)(2) (Ga. L. 1977, pp. 201, 211; 1979, pp. 1182, 1187). It is not contested that by the final decree of divorce, Silas Johnson was required to render financial support to his children. Appellant also acknowledges that he had not made payments as required by the final decree, but contended that his failure was not wilful but was justifiable because of his mental condition. The trial court was presented evidence establishing that Silas Johnson is an employee of the federal government, owns his own car and makes necessary payments thereon, drives himself back and forth to work, makes rational decisions in his business and personal life, handles all his own financial affairs, deposits his checks, pays his bills, and has the mental capability to study psychology and law. There was evidence that Johnson becomes agitated at the thought

that Taylor and his (apparently Taylor's) brother lived on land owned by Johnson without paying for it; that Taylor broke up Johnson's marriage; and that Johnson's paternity was being threatened by Taylor. Though a hearing was held at which testimony by Johnson, his ex-wife, and the applicant was taken, no transcript of that hearing was made. The only recorded evidence was taken at a later hearing devoted exclusively to Johnson's mental condition. At that hearing a psychiatrist testified that Johnson suffered from either paranoid schizophrenia, chronic undifferentiated schizophrenia, or a paranoid state. In essence, the doctor did not testify that Johnson was totally unable to make rational decisions in regard to his domestic difficulties but that his ability to make rational decisions was impaired. After hearing all the evidence, the trial court granted final adoption to Taylor, finding that Johnson's consent to that adoption was not required because Johnson had wilfully refused to support the adopted child for more than a year prior to the adoption. Johnson filed the instant appeal enumerating as error the finding that the failure to support the child was wilful and not justified and in granting a final adoption on the same ground. *Held:*

There is no question that the trial court was presented with a substantial question of fact. Though there was no dispute that support payments had not been made, the trial court was required to determine whether an impaired ability to rationally reason as to this duty caused by a mental condition overcame the other evidence tending to show that Johnson's non-payment was wilful. "'In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse. [Cits.] Thus, if there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court. *Hamrick v. Seward,* 126 Ga. App. 5 (1) (189 SE2d 882)." *Nix v. Sanders,* 136 Ga. App. 859 (1), 860 (223 SE2d 21). Although it was not demanded, we find evidence in support of a finding of wilfulness. Accordingly, the finding that there was an abandonment as contemplated by Code Ann. § 74-405 is neither erroneous nor an abuse of discretion. *Lanning v. Fiveash,* 147 Ga. App. 290, 291 (248

SE2d 553). Appellant's two enumerations of error are without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED JANUARY 9, 1980.

*Ronald B. Thomas,* for appellant.
*M. Theodore Solomon,* for appellee.