## 61022. MABRY v. TADLOCK.

DEEN, Presiding Judge.

This is an appeal by Mabry, the acknowledged biological father of two minor illegitimate children aged approximately 3 and 5 years,

from a decision of the trial judge refusing to legitimate them on the grounds that the court felt such action would not be in the best interests of the children, that the petition was not brought in good faith, that petitioner had failed to demonstrate sufficient parental and paternal interest in the children, and "the harm that would come to these children by legitimating them and disrupting their presently stable family unit greatly exceeds any benefit which may flow to the children [and will] greatly outweigh any harm which will come to the biological father and paternal grandparents by not legitimating the children."

Briefly, appellant and appellee lived together, mostly at his parents' or her parents' homes for between two and three years, without marrying, during which time the two minor children were born. The mother then left and shortly thereafter married her present husband, Tadlock, an engineer with an 18-month employment contract with Exxon in Venezuela and various adjacent islands. Two months after her marriage to Tadlock the appellant attempted to bring a divorce action against her based on an alleged common law marriage, which action was dismissed by the trial court. Appellant then filed the present proceeding and during the lengthy testimony elicited in the case testified that his reason for doing so was "to visit with the children, love them and be loved by them." It is apparent that no attempt at marriage or support was made until after the appellee married another man.

At the present time the Tadlocks have been married and living together for over two years, the children accept their mother's present husband as their father, and there is ample evidence that he has supplied all support and the home environment and mental and emotional needs of the children as a loving parent.

The appellant followed the legitimation procedure outlined in Code § 74-103 and in consequence relies on the statement in *In re Pickett*, 131 Ga. App. 159, 161 (205 SE2d 522) (1974) that when this is done "the father's right to legitimate is absolute subject only to the qualification that the natural mother may object and if she shows valid reasons why the petition should not be granted, the judge may deny it." In *Pickett* the circumstances under which this statement was made were that the mother was dead and a third party was opposing the action. That case also states that the legitimation statute is in derogation of the common law and must be strictly construed. Id., p. 160.

A father's duty to support his minor children is the same whether they are legitimate or illegitimate. Code § 74-205. In such circumstances the mother, being the only recognized parent, exercises all the paternal power. Code § 74-203. Legitimation thus

gives the child no more right to support, and no more right than he already has not to be discriminated against because of his birth. Code § 74-204.

In the present case, the mother objected to the grant and established to the satisfaction of the court that the interests of the children would be better served by retaining the status quo than by seeking to recapture a past which never existed. In *Best v. Acker,* 133 Ga. App. 250 (211 SE2d 188) (1974), also a legitimation case opposed by the children's mother, this court observed that the trial court "in exercising the power of the state, as parens patriae of a minor, as in custody cases, must always look to the best interest and welfare of the child where there exists no absolute legal right in the applicant to the aid he seeks." The father had no absolute right to the grant of legitimacy for the purpose of obtaining visitation privileges, and the discretion inherent in the trial judge, who observed the witnesses and parties over a period of time, was not abused.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 6, 1981 —
REHEARING DENIED JANUARY 29, 1981 —

*Sam S. Harben, Jr., Jack S. Davidson,* for appellant.
*Gregory M. Perry,* for appellee.