169 Ga. App. 450 (1984)
313 S.E.2d 147
IN RE J. B. K.
66775.
Court of Appeals of Georgia.
Decided January 5, 1984.
J. Fred Ivester, for appellant.
Howell C. Ravan, for appellee.
SOGNIER, Judge.
Appellant filed a petition to legitimate his 3-1/2 year-old-son, J. B. K. The petition also requested the trial court to grant him visitation rights. Objections to the petition were filed by the child's mother. The trial court refused to consider the issue of visitation and found that it was in the best interest of the child to deny the petition to legitimate. Appellant brings this appeal.
1. Appellant contends that the trial court erred by refusing to grant his petition to legitimate because there was no evidence that legitimation was not in the best interest of the child. "In deciding whether to grant or deny the legitimization petition, the court must consider the best interest of the child and is not bound by the desires and contentions of the parents. [Cit.]" In re Application of Ashmore, 163 Ga. App. 194, 195-196 (293 SE2d 457) (1982). The evidence presented to the trial court shows that the child was conceived as a result of a "one night" sexual encounter between appellant and the mother. The appellant offered the mother money to obtain an abortion, but provided no support when she decided to have the baby. Several months after the child's birth, the mother brought a charge of criminal abandonment against appellant, who denied his paternity even after blood tests showed the probability of his being the father. Appellant appealed the jury verdict finding that he was the father of J. B. K. and the entering of a judgment for child support, but the appeal was later dismissed. Only then did appellant begin to contribute to the child's support.
*451 Evidence was presented that the child has always been in the exclusive custody of the mother who assumed full care and responsibility for the child. After the birth of the child, the mother put herself through college, obtaining a science degree which now enables her to be gainfully employed as a physical therapist. The mother has attempted to establish a paternal relationship between the child and appellant but those efforts were unavailing due to appellant's unwillingness to sacrifice any of the pleasures of single life for the child, his disregard of the mother's requests as to the safety and welfare of the child when in appellant's care, and the continuing, often bitter, tension between appellant and the child's mother. The trial judge, who observed the witnesses and parties and heard their testimony, was presented with sufficient evidence for us to find that there was no abuse of discretion in denying appellant's petition for legitimation. Mabry v. Tadlock, 157 Ga. App. 257, 259 (277 SE2d 688) (1981); Murphy v. Thomas, 89 Ga. App. 687 (2) (81 SE2d 26) (1954).
2. Appellant contends the trial court erred by refusing to consider the issue of visitation. Appellant brought a petition to legitimate pursuant to OCGA § 19-7-22 (Code Ann. § 74-103) which deals exclusively with legitimation proceedings and contains no language which can be read as requiring a trial court to consider a visitation issue when determining the merits of a petition to legitimate. Therefore, the issue of visitation was not properly before the trial court and the trial court did not err by refusing to consider that issue.
Judgment affirmed. Quillian, P. J., and Pope, J., concur.