## 67568. JESSEE v. NASH.

BANKE, Judge.

This is an appeal by the natural father from an order granting a petition for the adoption of his 5-year-old daughter. The petition was filed by the child's stepfather, the appellee herein, and was granted on the basis of a finding that the father had surrendered his rights to the child by failing to make court-ordered child support payments for more than a year prior to the filing of the petition, as well as a finding that the adoption would be in the child's best interests.

The appellant was divorced from the child's mother on March 30, 1981, and was ordered at that time to pay child support in the initial amount of $125 per month. The mother and the stepfather were married on August 14, 1981; and the appellant made no child support payments between that date and April 7, 1983, the date the adoption petition was filed. He did, however, visit the child on approximately a dozen occasions during that period and occasionally purchased gifts for her. The appellant testified that the reason he had failed to pay the court-ordered child support was that the mother had told him she would not require him to do so if he did not have the money. However, the mother and the stepfather denied ever having told the appellant he did not have to pay. Furthermore, the appellant admitted that during at least part of the period in question he did earn sufficient money to have made the payments. *Held:*

The trial court's finding that the appellant had failed to provide significant care and support for the child, as required by judicial decree, for a period of more than one year immediately prior to the filing of the petition was supported by the evidence, as was the court's finding that the adoption would be in the child's best interest. It follows that the judgment must be affirmed on appeal. See OCGA § 19-8-6 (b) (2) (Code Ann. § 74-405); *Kirkland v. Lee,* 160 Ga. App. 446 (1), 450 (287 SE2d 365) (1981). Even if believed, the appellant's testimony that the mother sanctioned or encouraged his failure to pay the court-ordered child support would not establish a legal justification for his failure to comply with the court order. See *Hix v. Patton,* 147 Ga. App. 14 (248 SE2d 28) (1978); *Kirkland v. Lee,* supra, at 450-451. The case of *Crumb v. Gordon,* 157 Ga. App. 839 (278 SE2d 725) (1981), is not authority for a contrary ruling, as there the father had relied on the language of the divorce decree itself rather than on any alleged oral representations by the mother.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1984.

*Mickey G. Roberts, Peter F. Boyce,* for appellant.
*Joe L. Anderson,* for appellee.