69560. BOYD v. HARVEY.
(327 SE2d 551)

POPE, Judge.

This appeal arises from the grant of appellee's petition to adopt his two minor stepsons, the natural children of his wife: George Ervin Samuels (born January 30, 1980) and Omar Samir Samuels (born December 15, 1981). The adoption petition was filed with the consent of the children's mother, the custodial parent. Appellant Boyd is the bi-

ological father of the children who were born during the mother's legal marriage to Mr. Samuels, who is not a party to this appeal. Appellant has never been married to the mother of the children. Prior to notification of the adoption proceeding, appellant had never attempted to legitimate the children. Upon notification that appellee had filed a petition to adopt the children, appellant answered contesting the adoption petition and, for the first time, sought by counterclaim to legitimate the children. He appeals the denial of his petition to legitimate the children as well as the grant of appellee's petition for their adoption.

The following evidence was adduced at the hearing: While living in New Jersey and separated from her first husband, Mrs. Harvey[1] had a relationship with appellant resulting in the births of George Ervin Samuels and Omar Samir Samuels. After George's birth, appellant lived with Mrs. Harvey for several months. Because appellant was abusive to her, Mrs. Harvey left with her son and took refuge in a shelter for abused women. She returned to appellant, but after a month or so left again with George to enter another such shelter in October 1981, where they lived until after Omar was born. After leaving the shelter in February 1982, Mrs. Harvey and her sons lived with appellant's mother for a couple of months before moving to a town approximately eighty miles away in April 1982. There she worked and attended college. Appellant periodically visited with Mrs. Harvey and/or the children after their relocation. Prior to her marriage to Mr. Harvey in April 1983, Mrs. Harvey was receiving public assistance in New Jersey.

The evidence further showed that after the birth of her first child, Mrs. Harvey obtained a court order in New Jersey directing appellant to pay her $32 per week in child support. Appellant was aware of this obligation. Although he claims to have given her some cash and to have bought some diapers and milk for the children, Mrs. Harvey stated that he had not made the court-ordered support payments to her. In any event, it is undisputed that during 1983 and prior to service of the adoption petition appellant made no support payments to Mrs. Harvey. It is also established that appellant paid none of the hospital bills or other medical expenses in connection with the birth of either child. Those bills were paid by welfare. Even after appellant was furnished with the legal forms for legitimation of the two children, he did not institute legitimation proceedings until after he was notified of appellee's petition to adopt the boys.

In April 1983, appellee married the mother of appellant's chil-

---

[1] The mother of the children being adopted will be referred to by her present name, Mrs. Harvey.

dren and they moved to Valdosta, Georgia where he is stationed with the Air Force. Appellant has periodically communicated with the children by telephone from New Jersey and they have visited him once. Since his marriage to their mother, appellee has assumed the role of the children's father, regularly taking them to church, church-related activities, and on family trips, as well as providing financial support and discipline along with his wife. His stepsons call him their "Dad," while referring to appellant as "Big George."

1. Appellant's assignment of error to the trial court's grant of appellee's petition to adopt the children essentially challenges the sufficiency of the evidence. Appellee's adoption petition was brought pursuant to OCGA § 19-8-6 (b) which provides certain specified conditions which negate the necessity of the natural parent's consent to an adoption. "Surrender or termination of parental rights, as provided in Code Section 19-8-3, shall not be required as a prerequisite to the filing of a petition for adoption pursuant to paragraph (4) or (5) of subsection (a) of Code Section 19-8-3 [dealing with adoptions by stepparents and close relatives] in the case of a parent who has failed significantly, for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, where the court is of the opinion that the adoption is for the best interests of the child." OCGA § 19-8-6 (b). Appellant argues that the evidence reveals *no* significant failure to communicate with the children as there was communication by telephone as well as occasional personal contact. We agree, as did the trial court as shown by the specific inclusion of such a finding of fact. However, we disagree with appellant's contention that the trial court erred in finding his significant failure to provide for the care and support of the children as required by law or judicial decree. As stated previously, it is undisputed that appellant made no child support payments at all for at least the pertinent time period, the year immediately preceding the filing of the adoption petition. Appellant's occasional purchases of gifts sent to the children does not refute the clear and convincing evidence of his non-payment of child support. See *Jessee v. Nash*, 169 Ga. App. 746 (315 SE2d 260) (1984). Appellant further contends that his failure to make support payments for the year prior to the petition is justified by his injuries from a motorcycle accident in late 1982 resulting in his disability for a substantial portion of 1983. The trial court was, however, authorized to find that his failure to make a single child support payment was unjustified in light of his past history of non-payment, his lack of effort to effect judicial modification or other temporary relief of his obligation, and his mid-1983 move from his mother's home where he was recuperating to share a residence

with a friend in a different city. See generally *Findley v. Sanders*, 153 Ga. App. 146 (1) (264 SE2d 659) (1980); *Johnson v. Taylor*, 153 Ga. App. 15 (264 SE2d 512) (1980). After a careful review of the evidence we find no error in the trial court's findings that appellant had failed significantly to provide for the care and support of the children for a period of one year or more immediately preceding the filing of the petition and that the grant of appellee's petition to adopt them is in the best interests of the children. See *Lumpkin v. Cook*, 166 Ga. App. 259 (1) (304 SE2d 425) (1983); *Hayslip v. Williams*, 156 Ga. App. 296 (2) (274 SE2d 692) (1980). See also *In re C. C. P.*, 168 Ga. App. 918 (310 SE2d 776) (1983); *Cain v. Lane*, 168 Ga. App. 405 (309 SE2d 401) (1983).

2. Appellant cites error to the trial court's denial of his counterclaim in which he petitioned the court for legitimation of his two biological sons. "In deciding whether to grant or deny the legitimation petition, the court must consider the best interest[s] of the [children] and is not bound by the desires and contentions of the parents. *Bennett v. Day*, 92 Ga. App. 680 (3) (89 SE2d 674) (1955). In making this determination, the court must examine the benefits that might flow to the [children] if [they] were legitimated and to consider the legal consequences of the grant of the petition." *In re Application of Ashmore*, 163 Ga. App. 194, 195-96 (293 SE2d 457) (1982). Accord *In re J. B. K.*, 169 Ga. App. 450 (1) (313 SE2d 147) (1984). We are inclined to find that this enumeration of error is rendered moot by the trial court's finding that the grant of appellee's adoption petition is in the best interests of the children. See *Best v. Acker*, 133 Ga. App. 250 (4) (211 SE2d 188) (1974). Moreover, appellant suffered no discernible prejudice from the denial of his petition for legitimation. Had appellant's petition been denied prior to the adoption proceedings, appellant would have had no standing to object to the adoption of the children by appellee as he had the written consent of the natural mother. See *In re Application of Ashmore*, supra at 197; *Clark v. Buttry*, 121 Ga. App. 492 (1) (174 SE2d 356) (1970). However, as is apparent from the application of the standard contained in OCGA § 19-8-6 (b), for purposes of the hearing and final order on appellee's adoption petition, appellant was treated as if he had legitimated the children. See generally *Hinkins v. Francis*, 154 Ga. App. 716 (2) (270 SE2d 33) (1980). "The trial judge, who observed the witnesses and parties and heard their testimony, was presented with sufficient evidence for us to find that there was no abuse of discretion in denying appellant's petition for legitimation. *Mabry v. Tadlock*, 157 Ga. App. 257, 259 (277 SE2d 688) (1981); *Murphy v. Thomas*, 89 Ga. App. 687 (2) (81 SE2d 26) (1954)." *In re J. B. K.*, supra at 451.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985.

*George M. Saliba II*, for appellant.
*Gary M. Wisenbaker*, for appellee.