In re ADOPTION OF Todd Evan Douglas HUTTO.

Ronald Gene HOROWITZ and Kim Hutton Horowitz, Petitioners–Appellants,

v.

Randy Allen FOWLER, Respondent–Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 8, 1989.

Permission to Appeal Denied by Supreme Court May 30, 1989.

C. Patterson Cron and R. Francene Kavin, Gordon & Bottorff, P.C., Brentwood, for petitioners-appellants.

Phillip M. George, Smyrna, for respondent-appellee.

OPINION

FRANKS, Judge.

The natural mother and her husband appeal from the trial court's judgment dismissing their joint petition for the adoption of Todd Evan Hutto, born September 15, 1986, and legitimating Todd in response to the counter-petition by the natural father, Randy Allen Fowler, who was named as respondent.

Soon after Todd's birth, the natural father filed a petition in the juvenile court "to establish paternity" and set support and visitation. The juvenile court treated the petition as one for legitimation[1] and entered an order of legitimation providing for support and visitation. The adoption petition was filed before the juvenile court judgment became final.

Upon application of the parties to "transfer" the juvenile court proceeding to the circuit court the juvenile court, acknowledging loss of subject matter jurisdiction, entered an order "staying proceedings" in the juvenile court.

Following trial, the trial judge concluded "the legitimation of Evan Hutto in the Juvenile Court for Davidson County is a valid legitimation" and added, "the Circuit Court hereby issues its own orders of legitimation, ..." The judge then denied the petition for adoption but "remanded back to the Juvenile Court for enforcement of its orders as to support and visitation."

1. T.C.A., § 36–2–201. *Jurisdiction.*—The circuit, juvenile, and probate courts have concurrent jurisdiction to legitimate children upon application by the natural father of the children....

Appellants take issue with the trial court's consideration of the juvenile court's order of legitimation. The filing of the petition for adoption conferred upon the circuit court jurisdiction to determine the issue of legitimation. T.C.A., § 36-1-106(d).[2] Since the juvenile court voluntarily "suspended" proceedings as to legitimation, there was no need for extraordinary process to avoid a multiplicity of suits on the issue of legitimation, as was required in *In re Adoption of Dearing*, 572 S.W.2d 929 (Tenn.App.1978), but since the petition for legitimation was pending at the time the adoption petition was filed, it was incumbent upon the circuit judge to first consider the petition for legitimation. *In re Adoption of Dearing.*

The circuit court's reference to the validity of the juvenile court proceedings is superfluous since the juvenile court's actions were not properly before the circuit court for consideration. The issue thus becomes whether the circuit court's order legitimating the child was appropriate. Appellants argue "the trial court lacked authority to order the child legitimated pursuant to the adversarial counter-claim of the natural father over the objection of the mother", and insist that *Matter of "A"*, 735 S.W.2d 232 (Tenn.App.1987); *Cooper v. Thompson*, 710 S.W.2d 944 (Tenn.App. 1985) and *Cunningham v. Golden*, 652 S.W.2d 910 (Tenn.App.1983) are authorities for their position. These cases are inapposite since the actions were, in effect, seeking a declaration of illegitimacy of a presumptively legitimate child having been born to a woman while married to another man. Appellants also argue the legitimation statutes do not contemplate an adversarial proceeding. This is correct insofar as the proceeding relates to the issue of paternity; however, the parties stipulated Fowler was the biological father of the child who was "not born in lawful wedlock". On these facts a biological parent may petition the court for an order of legitimation, T.C.A., § 36-2-202; *Queen v. Jol-*

ley, 219 Tenn. 427, 410 S.W.2d 416 (1966), and the trial court, if satisfied with the reasons advanced for legitimation, may enter an order of legitimation. T.C.A., § 36-2-203.

The trial judge gave reasons for ordering legitimation, including "the father would have married the mother if she had allowed the marriage to go on as scheduled" and "the father has attempted in every way to assume his responsibilities to the mother prior to the birth of the child as well as after the birth of the child ... [and] has attempted to accept the responsibility for raising his child...." The court further observed, "the father has attempted to take part in rearing the child, but has been denied by the actions of the mother", and concluded "the father has already established a bond with his child through the visitation order by the Juvenile Court." The evidence does not preponderate against these factual determinations. T.R.A.P., Rule 13(d).

The United States Supreme Court declared in *Lehr v. Robertson*, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983) that an unwed father must take affirmative steps to develop a responsible relationship with his child before his interest in the child is sufficient to acquire constitutional due process protection. The Court stressed the distinction between a "mere biological relationship and an actual relationship of parental responsibility." 463 U.S. at 259, 103 S.Ct. at 2992.

The *Lehr* court distinguished the parent-child relationships in *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Quilloin v. Walcott*, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978) and *Caban v. Mohammed*, 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979), by stating:

The difference between the developed parent-child relationship that was implicated in *Stanley* and *Caban*, and the

---

2. T.C.A., § 36-1-106. *Petition—Contents—Effect of filing.*

(d) When the petition to adopt is filed, the child sought to be adopted shall become a ward of the court and the court shall have jurisdiction of all matters pertaining to the child.

potential relationship involved in *Quilloin* and this case, is both clear and significant. When an unwed father demonstrates a full commitment to the responsibilities of parenthood by "com[ing] forward to participate in the rearing of his child," *Caban*, 441 U.S. at 392, 99 S.Ct. at 1768, his interest in personal contact with his child acquires substantial protection under the Due Process Clause.

463 U.S. at 261, 103 S.Ct. at 2993.

The court concluded an unwed father must take steps toward acting as a responsible parent to his child before his interest in the child acquires substantial protection under the Due Process Clause:

The significance of the biological connection is that it offers the natural father an opportunity that no other male possesses to develop a relationship with his offspring. If he grasps that opportunity and accepts some measure of responsibility for the child's future, he may enjoy the blessings of the parent-child relationship and make uniquely valuable contributions to the child's development.

463 U.S. at 262, 103 S.Ct. at 2993.

In the instant case, from the inception, the natural father attempted to assume the role and obligations of a parent. The trial court found him to be "a fit parent for the child" and the denial of the adoption petition "being in the best interest of the minor child". We affirm the judgment of the trial court on this issue.

The trial court's judgment insofar as it purports to "remand" the matter to the juvenile court is ineffectual since the proceeding in the juvenile court was neither transferred by order nor appealed to the circuit court. The circuit court having assumed jurisdiction for all purposes will be required to issue child support and visitation orders pursuant to T.C.A., § 36–2–203 which were sought in the natural father's counter-petition.[3]

This cause is remanded to the circuit court for further proceedings consistent with this opinion. The costs of the appeal are assessed to appellants.

CANTRELL and KOCH, JJ., concur.

---

**3.** T.C.A., § 36–2–203. *Order of legitimacy—Child support orders.* The court, if satisfied with the reasons, may, by order embodying the petition in full and entered upon the minutes of the court, declare such child legitimate. The court may also issue a child support order to be paid when appropriate and the provisions of chapter 5, part 4 of this title and § 50–2–105 shall apply to any order of support.