## A92A1443. ADAMAVAGE v. HOLLOWAY et al.
### (424 SE2d 837)

ANDREWS, Judge.

Tammy Adamavage, the mother of the child, appeals the trial court's order awarding paternity to Holloway and legitimating the child arising out of the following facts.

On September 5, 1991, Holloway filed a paternity action, alleging that he was the child's father and seeking to have Adamavage submit to a blood test to resolve this issue. On September 23, 1991, the court ordered that both parties submit to blood testing in an effort to determine paternity.

Although the "temporary order" is not in the record, apparently on November 15, 1991, prior to Adamavage obtaining representation, the trial court held a hearing and entered a temporary order. That order found that the paternity of the child had been established by the results of blood tests and granted Holloway visitation rights and ordered him to pay child support.

On December 3, 1991, Adamavage filed an answer in which she admitted that Holloway was the biological father of the child, but she stated that her child was illegitimate and that Holloway therefore had no visiting or custody rights. She claimed that she had exclusive parental custody and control of the child. Thereafter, on December 5, 1991, Holloway filed an amendment to his petition in which he sought to legitimate the child. Adamavage filed an answer within 30 days to that pleading, in which she admitted that Holloway was the child's father, but objected to Holloway's attempted legitimation of the child.[1] Thereafter she filed a pleading specifically objecting to the legitimation of the child.

On February 10, 1992, the case came for a hearing. During the hearing, the court ordered stricken Adamavage's answer to the petition to establish paternity. The court also entered an order which legitimized the child, determined that Holloway was the father of the child, and set forth Holloway's visitation and child support obligations. Adamavage filed an application for discretionary appeal in response to this order, which we granted.

1. Adamavage raises two enumerations of error. First, she contends that the trial court erred in refusing to allow her to present her objections regarding the legitimation. At the hearing in February, Adamavage attempted to present evidence regarding the best interests of the child. The transcript of the hearing establishes that the trial court did not allow the mother to present her objections to the legitimation.

"In deciding whether to grant or deny the legitimation petition, the court must consider the best interest of the child and is not bound by the desires and contentions of the parents. [Cit.] In making this determination, the court must examine the benefits that might

---

[1] Adamavage's answer to Holloway's petition of September 5, 1991, was not timely filed and was in default. Nevertheless, because the original petition did not address the legitimation issues, Adamavage's default had no bearing on that issue. See generally *Jones v. Cooke*, 169 Ga. App. 516 (313 SE2d 773) (1984); see also OCGA § 9-11-54 (c) (1).

flow to the child if she were legitimated and to consider the legal consequences of the grant of the petition." *In re Application of Ashmore*, 163 Ga. App. 194, 195 (4) (293 SE2d 457) (1982). "We have long held that when a child is born or conceived in wedlock there is a presumption of legitimacy. The legislature has enacted a similar rule but has provided that the strong presumption of legitimacy may be disputed. To overcome the presumption, the proof must be 'clear.' OCGA § 19-7-20 (b)." *In re White*, 254 Ga. 678, 679 (1) (333 SE2d 588) (1985).

The procedural requirements which the father must follow to legitimate a child are set forth in OCGA § 19-7-22, and the mother's right to object to such proceedings has been clarified by various cases. " '[T]he father's right to legitimate is absolute subject only to the qualification that the natural mother may object and if she shows valid reasons why the petition should not be granted, the judge may deny it.' " *Mabry v. Tadlock*, 157 Ga. App. 257 (277 SE2d 688) (1981); *In re Pickett*, 131 Ga. App. 159, 161 (205 SE2d 522) (1974). In *In re Application of Ashmore*, supra, the court acknowledged that although the statute only provides for notice to the mother, "this court has found that this notice implies a right to file objections to the petition." See also *In the Matter of J. M. S.*, 257 Ga. 630 (362 SE2d 56) (1987).

Despite the discretionary nature of an order of legitimation, see *Ashmore*, supra, it is apparent here that Adamavage was never given a meaningful opportunity to present her objections to the petition and that the trial court interpreted Holloway's right to legitimate the child as absolute. Accordingly, we must reverse the trial court's order regarding legitimacy and remand for a hearing on that issue.

2. Adamavage's second enumeration contends that the trial court erred in denying her request for a jury trial. Pretermitting the issue of whether her request for a jury trial in a lawsuit of this nature was proper, there was no error in the court below because she did not demand in writing a jury trial. See 1983 Ga. Const., Art. I, Sec. I, Par. XI.

*Judgment reversed and remanded. Birdsong, C. J., and Beasley, P. J., concur.*

DECIDED NOVEMBER 3, 1992.

*Keith A. Pflepsen*, for appellant.
*Robert H. Revell, Jr.*, for appellees.