A94A0627. DEPARTMENT OF HUMAN RESOURCES
v. BROWN.
(443 SE2d 685)

BEASLEY, Presiding Judge.

The Department of Human Resources (DHR) was granted interlocutory appeal in its child support recovery action in the case of the minor, A. E., a recipient of Aid to Families with Dependent Children (AFDC). See OCGA §§ 19-11-6 (a); 19-11-7 (a).

A. E.'s parents were never married and the child resided with her mother. DHR sought from her putative father reimbursement for the AFDC payments made, future child support in accordance with the guidelines of OCGA § 19-6-15, and inquiry into the father's ability to provide medical coverage for the child. The father admitted paternity, denied failing or refusing to provide support for the child, denied any indebtedness to the State for support payments made, and admitted his joint responsibility for A. E.'s future support. The answer included a "counterclaim" in which the father requested that the child be legitimated and given his last name and that he be given permanent and definite visitation rights.

The court concluded as a matter of law that the child's mother submitted herself to the jurisdiction of the court; the State has a legitimate interest in the legitimation of all children born out of wedlock and all fathers of children so born should be encouraged to legitimate their children and provide for their care and support; by the mother seeking future payments for the care and support of the minor child, the district attorney became more than the attorney for DHR and did in fact become the mother's attorney; the mother was a "true party of interest" in the action; and the filing of the child support recovery action submitted the mother to the jurisdiction of the court for the purposes of determination of the child's parentage as well as the legitimation of the child and the visitation rights of the

child's father.[1]

DHR challenges much of the court's ruling as unauthorized as a matter of law. We agree.

The court's order contravenes OCGA § 19-11-7 (c), (f), which provides that child support recovery actions are to be limited solely to the issue of support and are to exclude issues otherwise joinable such as custody and visitation. The statutory limitation requires exclusive focus on the express purposes of the Child Support Recovery Act, OCGA § 19-11-1 et seq. It is "(1) To provide that public assistance to needy children is a supplement to the contribution of the responsible parents; ·(2) To provide for a determination that a responsible parent is able to support his [or her] children; and (3) To provide for the enforcement of an able parent's obligation to furnish support." OCGA § 19-11-2. To engraft other causes to such an action complicates its purposeful simplicity and lengthens the road to child support from a responsible parent. If questions of legitimation and visitation are instead summarily dealt with, as was the case here, then the responding parent is not afforded a meaningful opportunity to be heard. See *Adamavage v. Holloway*, 206 Ga. App. 156, 158 (1) (424 SE2d 837) (1992), which gives effect to a mother's right of objection in a legitimation proceeding. She is not even a party in a child support recovery action. Nor can she be made so for purposes of any cross-claim for legitimation, visitation, and so forth, because the public policy established by the Act prohibits it.

In a child support recovery action, DHR is the district attorney's sole client by statute, contrary to the trial court's conclusion here. OCGA § 19-11-23 (b). The litigation of additional issues such as custody, visitation, and legitimation would require the legal representation of parties not contemplated, and place the State in a potential conflict of interest. Moreover, the district attorney represents the State agency "on the relation" of the child who has a private interest in the matter; he cannot also represent a private client in a domestic conflict. OCGA § 19-11-23. See Black's Law Dictionary, Revised 4th ed.; *Thibadeau v. Thibadeau*, 133 Ga. App. 154, 156 (3) (210 SE2d 340) (1974); OCGA §§ 15-18-10 (d); 15-18-21 (a).

Because the superior court's order embraces issues and a party (the mother) not properly before it, and requires the district attorney to represent a private party without legal authority, it is erroneous.

The case is remanded to the trial court for a determination of the

---

[1] While DHR's application for interlocutory review was pending, DHR and the father entered into a "temporary consent order." In it he again acknowledged paternity and consented to owing future temporary child support payments of a specific amount and duration to DHR and to owing unreimbursed public assistance, the amount to be determined at a later date. This consent order is not at issue.

child support issues properly before it, in accordance with this opinion and the dictates of the Act.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED APRIL 18, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

*James A. Nolan,* for appellee.

*Vicky O. Kimbrell, Lisa J. Krisher, Phyllis J. Holmen,* amici curiae.