## S02A1665. HOLMES v. TRAWEEK.
### (577 SE2d 777)

HINES, Justice.

This Court granted an application for interlocutory review to determine whether there is a conflict between OCGA § 19-7-22 (a)'s provision that a father seeking to legitimate a child may file a petition to do so in "the superior court of the county of his residence . . ." and Article VI, Section II, Paragraph VI, of the 1983 Georgia Constitution, which declares that venue in a civil case is in the county where the defendant resides, unless the Constitution provides otherwise. Finding that there is a conflict, we find that portion of OCGA § 19-7-22 (a) to be unconstitutional. See Ga. Const. of 1983, Art. I, Sec. II, Par. V.

Traweek is the father of a minor child born to Holmes. Traweek resides in Houston County; the child resides with Holmes in Dooly County. OCGA § 19-7-22 (a) reads: "A father of a child born out of wedlock may render the same legitimate by petitioning the superior court of the county of his residence, the county of residence of the child, or, if a petition for the adoption of the child is pending, the county in which the adoption petition is filed for legitimation of the child." Traweek filed such a petition in the Superior Court of Houston County, naming Holmes as defendant, and seeking to establish paternity, gain visitation rights, and to change the name of the child. Holmes moved to transfer venue to Dooly County, on the basis of her residence there and Article VI, Section II, Paragraph VI, of the 1983 Georgia Constitution. The trial court denied the motion and certified its denial order for immediate review. This appeal followed. See OCGA § 5-6-34 (b).

Several constitutional provisions provide for venue: Article VI, Section II, Paragraph I provides for venue in divorce cases; Article VI, Section II, Paragraph II sets forth venue in cases respecting title to land; Article VI, Section II, Paragraph III establishes venue in equity cases; Article VI, Section II, Paragraph IV designates venue in suits against joint obligors, joint tortfeasors, joint promisors, copartners, and joint trespassers; and Article VI, Section II, Paragraph V assigns venue in suits against the maker, endorser, drawer, or acceptor of certain financial instruments. Article VI, Section II, Paragraph VI provides that "[a]ll other civil cases . . . shall be tried in the county where the defendant resides. . . ." A legitimation proceeding does not fall into any of the categories of cases for which venue has

specifically been provided in the Constitution, and thus it falls under Article VI, Section II, Paragraph VI's provision for "[a]ll other civil cases."

Traweek contends that Holmes is not a "defendant" in this case. But a general principle of law is that in every civil case there must be a proper party plaintiff and a proper party defendant. See *Turner v. Kelley*, 212 Ga. 175, 176 (91 SE2d 356) (1956). And defendants are generally those who control the defense of the case in furtherance of their own interests, and have the right to introduce evidence, cross-examine witnesses, and to appeal. See 59 AmJur2d, Parties, § 41.

The legitimation statute does not refer to the mother as a "defendant," but it does require that she be given notice of the petition for legitimation, OCGA § 19-7-22 (b), that she have notice of any support obligations the court imposes upon the father, OCGA § 19-7-22 (e), and it gives the mother the power to demand a jury trial on the question of support, OCGA § 19-7-22 (f). The mother's right to notice of the petition includes the right to file objections to it. *In re Application of Ashmore*, 163 Ga. App. 194, 195 (1) (293 SE2d 457) (1982). The mother may appeal an award of legitimacy. See *Adamavage v. Holloway*, 206 Ga. App. 156 (424 SE2d 837) (1992).

Further, "[o]nly the mother of a child born out of wedlock is entitled to [the child's] custody, unless the father legitimates [the child] as provided in Code Section 19-7-22. Otherwise, the mother may exercise all parental power over the child." OCGA § 19-7-25. Thus, the mother has a vested right in her relationship with her child, upon which legitimation will infringe. We therefore conclude that the rights afforded the mother in the scheme for legitimating her child render her a defendant within the meaning of Article VI, Section II, Paragraph VI, of the 1983 Georgia Constitution. Thus, that portion of OCGA § 19-7-22 (a) that provides for venue in the county of the putative father, when different from the county of the mother, offends the Georgia Constitution. "Where one portion of a statute is unconstitutional, this court has the power to sever that portion of the statute and preserve the remainder if the remaining portion of the Act accomplishes the purpose the legislature intended. [Cits.]" *Nixon v. State*, 256 Ga. 261, 264 (3) (347 SE2d 592) (1986). Severance of this venue provision does not affect the purpose of the remainder of the statute, and the remaining provisions of OCGA § 19-7-22 (a) are to be given full effect.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 10, 2003.

*Roberts, Rainwater & Ingram, David N. Rainwater*, for appellant.

*Pamela K. Richardson*, for appellee.