## PARR *v.* PARR.

No. 14667. NOVEMBER 9, 1943.

*George W. Westmoreland,* for plaintiff in error.
*Hamilton McWhorter,* contra.

ATKINSON, Justice. Mrs. Myrtle Parr brought a petition for habeas corpus against her husband, LeRoy Parr, for the custody of their child Barbara, three years of age, and the writ was issued. Preceding differences and difficulties between them culminated in a domestic storm on June 17, 1943, at which time the father took possession of the child, and two days later. the mother instituted this proceeding.

It would serve no useful purpose to detail the evidence adduced upon the hearing. Suffice it to say that each submitted evidence of their own virtues, and the vices of the other. The court awarded the custody of the child to her mother. To that judgment the father excepted.

Since the act of the legislature of 1913 (Code, § 74-107), in an original contest between parents over the custody of a minor child, the sole question to be determined is what is the best interest of the child. This alone must control the judgment of the court; and in determining this question the court is vested with a sound discretion. *Turner* v. *Turner,* 150 *Ga.* 191 (103 S. E. 413); *Lockhart* v. *Lockhart,* 173 *Ga.* 846 (162 S. E. 129); *Pruitt* v. *Butterfield,* 189 *Ga.* 593 (6 S. E. 2d, 786). Necessarily, under our law, there must be some fact-finding official or body. In the instant

case it was the trial judge. There was evidence in behalf of, and against, both parties. The judge, taking into consideration all of the circumstances, in his discretion determined that the best interest of the child required a judgment awarding her to the mother. We cannot say this was an abuse of his discretion.

<div align="center">

*Judgment affirmed. All the Justices concur.*