## 24489. SUTTON v. SUTTON.

UNDERCOFLER, Justice. This is a divorce action from which the defendant wife appeals the overruling of her motion for new trial upon the general grounds and upon the special ground of the newly discovered evidence that she is pregnant as a result of this marriage.

The evidence as stipulated by counsel shows: The plaintiff husband separated from his wife on May 29, 1967, removed himself from their home, and filed an action for divorce on the ground of cruel treatment. The defendant wife filed a cross appeal for divorce on the same ground. On June 2, 1967, a court order "by consent of the parties" authorized the husband to reside in the home with his wife beginning July 1, 1967, on condition that "neither would molest or injure the other," and he returned to their home. During July 1967 the parties reconciled their differences but there is a conflict in the testimony concerning whether or not marital relations were resumed. On July 30, 1967, the plaintiff wrote a letter to his attorney instructing him to dismiss the divorce action; however, he never mailed the letter. The parties continued to reside in the same house until the granting of the divorce on October 2, 1967, on the original petition of the husband. There is no evidence of a termination of the husband and wife relationship after the reconciliation except that the plaintiff slept on the couch and testified that he had no sexual intercourse with his wife. The petition was never amended to allege a separation after the reconciliation. *Held:*

A divorce on the ground of cruel treatment presupposes a bona fide separation. The evidence in this case fails to establish a bona fide separation after the reconciliation and condonation which occurred during July 1967. Accordingly, the trial court erred in overruling the motion for new trial on the general grounds. See *Brant v. Brant,* 209 Ga. 151 (71 SE2d 209); *Code* § 30-105 (as amended by Ga. L. 1967, p. 761).

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 12, 1968—DECIDED MARCH 7, 1968.

*Alton D. Kitchings,* for appellant.
*Ralph L. Crawford,* for appellee.