### 26757. SIMS v. POPE.

ARGUED OCTOBER 13, 1971—DECIDED NOVEMBER 5, 1971.

*Saul Blau,* for appellant.

*Filsoof & Wayman, Fred F. Filsoof,* for appellee.

GRICE, Justice. This appeal is from a judgment in a habeas corpus proceeding which awarded custody of two children to their father upon the ground that he had legitimated them by virtue of *Code* § 74-103.

The father, Willie Jones Pope, filed a petition in the Superior Court of DeKalb County, against the children's grandmother, Bessie Sims, alleging in substance the following: that he had legitimated them on a named date, that their mother is dead; that the children are being illegally detained from his custody by the grandmother; that he is willing to support them and did support them until she denied their paternity; that notwithstanding such denial she procured a warrant charging him with abandonment of his children; that *Code* § 74-108 provides that he, as the children's father, is entitled to their custody.

To this petition the defendant grandmother filed an answer. It denied the foregoing allegations and made those which may be summarized as follows: that the father is not a fit person for custody and has abandoned any right to parental control; that the children are illegitimate; that the mother gave the children to her; that the father apparently has no love for them and has refused to support them; that the mother was on welfare until her death; that since then the children have lived continuously with the grandmother, she taking them in, feeding, clothing and giving them a good home; that after the mother's death the father applied for the children's social security benefits on the life of the mother; and that the legitimation order was void because of lack of notice and hearing. She prayed that the petition be denied.

Upon the case being called for trial no evidence was introduced. Colloquy ensued in which counsel for both sides stated essentially what they expected to prove. The attorney for the grandmother recounted in essential part the foregoing allegations of her answer.

Both counsel alluded to the order legitimating the children. The grandmother's attorney stated that the judgment was void and was then under attack in another proceeding.

Thereupon the trial judge, according to the transcript of the proceedings, referred to the legitimation order and stated that "it becomes a matter of law rather than fact who is entitled under this writ of habeas corpus, who

should have custody, and this court has no choice under these proceedings but to award this man the custody of the children." Then counsel for the father inquired if he might take an order and the court replied in the affirmative.

The court's judgment was in essential part as follows: ". . . after hearing the argument of the counsel for both sides, it is the decision of this court that the children are legitimated and as a matter of law their custody is awarded to plaintiff in this case . . ."

The enumerations of error complain, insofar as necessary to recite here, that the court erred in ruling before the grandmother had an opportunity to introduce evidence which her counsel stated would be presented to show that the father was an unfit person for custody of the children and that their welfare would best be served by being with the grandmother; and that it erred in taking the children away from her and awarding them to the father without hearing evidence or giving her an opportunity to present evidence, with knowledge of the attack then being made upon the legitimation judgment.

In our view the trial court erred.

The fact that children have been legitimated does not ipso facto immunize their father from a proper showing that the children should be removed from his custody.

A proceeding under *Code* § 74-103 may result in a court order "declaring said child to be legitimate, and capable of inheriting from the father in the same manner as if born in lawful wedlock, and the name by which he or she shall be known." However, upon legitimation the father stands in the same position as any other parent as to his custody being subject to challenge for good and legal cause. See in this connection *Bennett v. Day,* 92 Ga. App. 680 (3) (89 SE2d 674).

In the instant situation the grandmother's answer raised an issue as to the father's right to custody, including the charge of abandonment. Upon the hearing her attorney offered to introduce evidence to prove that. He should have been permitted to do so.

Direction is hereby given that a new trial be held and that the proceedings be not inconsistent with what we have ruled here.

*Judgment reversed with direction. All the Justices concur, except Undercofler, J., who concurs in the judgment only.*