## 38716. BLASINGAME v. BLASINGAME.

SMITH, Justice.

This is a divorce action in which appellant Donald Blasingame obtained interlocutory review of the trial court's denial of his motion to dismiss. We affirm.

Annie and Donald Blasingame were married in 1961. On December 2, 1981, Annie filed for divorce, alleging cruel treatment. See Code Ann. § 30-102. Appellant in his answer denied any cruel treatment, and he filed a counterclaim seeking divorce and custody of the couple's only child. After a hearing and argument by counsel, the trial judge on January 20, 1982 issued an order granting the divorce and awarding child custody to Annie. Appellant was ordered to pay alimony, child support, and attorney fees.

In a separate order filed the same day, the court denied appellant's motion to dismiss. This ruling is the subject of the present appeal. In support of his motion, appellant argued that there had been no "separation" as required for a divorce based on the ground of cruel treatment because during the time in question both parties lived under the same roof, merely occupying separate portions of the house.[1] The trial court disagreed, finding that the couple had separated, and denied appellant's motion.

Appellant contends that the trial court erred when it found that the couple had separated. It is well settled that "[a] divorce on the ground of cruel treatment presupposes a bona fide separation," *Sutton v. Sutton,* 224 Ga. 140 (160 SE2d 385) (1968), and that no fixed period of separation is required by the statute. *Brant v. Brant,* 209 Ga. 151 (71 SE2d 209) (1952). Appellant asks us to hold that, as a matter of law, there can be no separation in a divorce action based on cruel treatment unless one of the parties abandons the marital abode. We decline to do so.

"Marital separation means a suspension of marital relations between husband and wife without dissolution of the marital relationship. The suspended conjugal rights include the company, the cooperation, assistance, and intimacy of the other spouse in every conjugal way . . . It is not essential that the husband or wife should leave the marital homeplace; separation can occur when one spouse moves into another room with the intent and purpose of suspending conjugal rights." McConaughey, Ga. Divorce, Alimony and Child Custody 17 (2d ed. 1980). See *Hosford v. Hosford,* 58 Ga. App. 188,

---

[1] The house was jointly owned by appellant and appellee. Thus each occupied separate portions of the premises as a matter of right.

191 (198 SE 289) (1938); *Whitfield v. Whitfield,* 89 Ga. 471 (15 SE 543) (1892).

Applying this definition of "separation" to the facts of this case, we hold that the court below was correct in denying appellant's motion to dismiss. Where, as here, a motion to dismiss is supplemented by argument of counsel and matters outside of the pleadings, it is treated as a motion for summary judgment. Code Ann. § 81A-112 (b). Since at the time of appellant's motion there existed a genuine factual issue as to the Blasingames' bona fide separation, the motion was properly denied. Code Ann. § 81A-156 (c). We note that evidence at trial showed that appellant slept in a separate room in the basement of the house; that appellant twice testified at trial that he and his wife had separated; and that appellant failed to introduce any evidence of reconciliation, condonation, or resumption of conjugal rights subsequent to the separation. The trial court did not err when it denied appellant's motion to dismiss.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982.

*Ronald L. Hilley, Robert Carpenter,* for appellant.
*Mildred L. Kingloff, J. Stephen Clifford,* for appellee.