## 67033. HOPKINS v. HOPKINS.

QUILLIAN, Presiding Judge.
The defendant appeals a judgment for $1300 in favor of the plaintiff. Three errors are enumerated: 1) the award of money damages in an action seeking declaratory relief is contrary to law; 2) the award of money damages under the theory of trover is contrary to law; 3) the determination by the trial court that the complaint was an action for trover is not supported by the evidence or pleadings.

The complaint alleged that after the parties' divorce certain property not provided for in the divorce decree and alleged to be solely owned by the plaintiff was still in the defendant's possession. It concluded by alleging "plaintiff shows that she is entitled to a declaration of her rights as to this property and the return thereof or to be paid for this property's reasonable value." Among the prayers of the complaint were included the following: "That the court enter a judgment in said matter declaring the rights of plaintiff to be that the property owned and paid for by the plaintiff which is or was in the possession of the defendant should be rendered to the plaintiff or that the defendant should pay to the plaintiff the reasonable value of this property." The complaint also sought "such other and further relief as to the court may seem just and proper." *Held:*

There is no transcript of the proceedings below. Since this cause was tried and was not a default proceeding (compare *Stroud v. Elias,* 247 Ga. 191 (275 SE2d 46)), the rule enunciated in *Jackson v. Jackson,* 243 Ga. 338 (253 SE2d 758) is applicable here. "In the absence of a transcript, we must assume that evidence amended the pleadings under Code Ann. § 81A-115 (now OCGA § 9-11-15) and authorized the verdict rendered."

The pleadings in the case sub judice were sufficient to authorize the money judgment awarded by the trial judge sitting without a jury.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 23, 1983.

*J. Al Cochran, James R. Whitfield,* for appellant.
*Glen E. Stinson,* for appellee.