### A90A1652. HENDRICKS v. EMERSON.
(404 SE2d 279)

COOPER, Judge.

Appellant, a general partner in several limited partnerships, was sued along with the partnerships in an action filed in the Superior Court of Douglas County. It was alleged in the complaint that appellant had committed numerous wrongful acts related to the misappropriation and conversion of funds invested in the partnerships, and part of the relief sought was that a receiver be appointed to manage the assets of the partnerships. The parties to the lawsuit entered into a consent order which made appellee the receiver of the assets of the partnerships and which further provided that upon appellant's compliance with certain requirements in the order, he would no longer be a party to the case.

The record reflects that sometime after appellee was appointed as receiver, the style of the case was changed to reflect that appellant was not a party to the case. The receiver began to experience difficulty in accounting for the assets of the partnerships due to an alleged failure by appellant to produce partnership records pursuant to the consent order. Subsequently, appellant was served with a witness subpoena to appear and be deposed by appellee. A few days before the scheduled deposition, appellant filed an action in the Superior Court of Fulton County seeking to enjoin the deposition. At the hearing on the injunction, the parties agreed to postpone the deposition until the Superior Court of Douglas County could hear any objection appellant had to the deposition. After attempting to schedule the deposition several times without success, appellee filed a motion to compel, and appellant did not file a motion to quash the subpoena as required by OCGA § 9-11-45 (b), but instead filed an Objection to Subpoena and Motion for Protective Order. The Superior Court of Douglas County, after hearing evidence, granted appellee's motion to compel, denied appellant's motion for protective order and reserved ruling on appellee's request for attorney fees. Following the deposition, the court heard evidence on appellee's claim for attorney fees and entered an order granting appellee $1,000 in attorney fees. This appeal is from that order.

1. Appellant's first enumeration of error, that the trial court erred in allowing a court-appointed receiver to take a deposition, is without merit. "A receiver is an officer of the court which appoints him, and his duty upon his appointment is to take possession of the assets of the insolvent debtor for the court and to preserve those assets so that upon distribution of the assets to the creditors they will be fully available to pay the claims of the creditors. [Cits.]" *Shaw v. Caldwell*, 229 Ga. 87, 91 (2) (189 SE2d 684) (1972). It appears that the purpose of the deposition was to aid the receiver in accounting for the assets of the partnerships, thus we find no error in the trial court allowing the receiver to take the deposition.

2. In his remaining enumerations of error, appellant contends that the trial court erred in awarding attorney fees to appellee. The transcript from the hearing on appellee's claim for attorney fees reflects that after filing the subpoena, appellee's attorneys attended the hearing on appellant's request for a restraining order, attempted to work with appellant's attorneys regarding a mutually convenient date for the taking of appellant's deposition, prepared and filed a motion to compel the deposition, and attended a hearing on both the motion to compel and the motion for attorney fees. Although appellee requested over $1,700 in attorney fees, the court awarded only $1,000. Contrary to appellant's argument, we find ample evidence in the record to authorize an award of attorney fees and conclude that the trial court did not abuse its discretion in awarding attorney fees.

Appellant also argues that the trial court's award was based partially on the time spent by appellee's receiver in the hearing on the temporary restraining order in Fulton County, which does not constitute an expense incurred in obtaining the order to compel. OCGA § 9-11-37 (a) (4) provides that "[i]f the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred *in obtaining the order*, including attorney's fees. . . ." (Emphasis supplied.) Appellant has failed to show by the record that the award includes an amount for expenses not incurred in obtaining the order compelling the deposition. The trial court did not award the full amount of fees requested by appellee's attorneys and did not specify in its order the services for which appellee's attorneys were being compensated. " 'It is still the law of Georgia that the burden is upon the party asserting error on appeal to show such error by the record.' [Cits.]" *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397, 398 (370 SE2d 520) (1988). Accordingly, we find no error with the trial court's award of attorney fees.

3. We cannot conclude that the appeal was brought only for delay, therefore, we deny appellee's motion for frivolous appeal. See *City of Atlanta v. Murphy*, 194 Ga. App. 652 (3) (391 SE2d 474)

(1990).
*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991 —
REHEARING DENIED MARCH 20, 1991 — 

*Curtis R. Boren*, for appellant.
*Glover & Davis, Delia T. Crouch*, for appellee.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*