## A91A1744. GREGG v. BARNES.
(417 SE2d 206)

ANDREWS, Judge.

Gregg and Barnes lived together from June 1987 until May 1990. In 1988, a daughter was born. In May 1990, Gregg moved out of state. It was her contention that she attempted to take the child and Barnes forcefully kept the child. None of the orders below resolved this issue.

On May 3, 1990, Barnes filed his petition for divorce, alleging a common law marriage and that the child was in his "custody." The petition sought "temporary and permanent custody" of and support for the child which was then 18 months and 12 days old.

Service of this complaint was acknowledged by counsel for Gregg and jurisdiction over Gregg's person at the time of filing was acknowledged. She filed a counterclaim stating that there was no marriage and that she had and was entitled to legal custody of the child. She also filed a motion to dismiss the complaint asserting that there was no marriage, the child was illegitimate, and she was entitled to custody under OCGA § 19-7-25.

At 1:30 p.m. on August 27, 1990, the date of the scheduled hearing, Barnes filed an "amendment" to his complaint, seeking to legitimate the child, citing as authority OCGA § 19-9-43, a provision of the Uniform Child Custody Act. The amendment alleged that the child was a resident of the county "and the Court has jurisdiction over the subject matter and person of said child." The certificate of service showed hand-delivery to counsel for Gregg. At 3:12 p.m., that same day, a consent order was filed in which it was agreed that "all issues between the parties" could be tried by the court without a jury and that they should reappear on September 4 for the trial.

By order of November 6, 1990, after hearing testimony on September 4,[1] the court concluded that "there is no contract of marriage between the parties." The court then legitimated the child based on the amended complaint and did "hereby place permanent custody of the minor child" with Barnes, ordering Gregg to pay child support and setting up a visitation schedule for Gregg.

Gregg then filed a motion for new trial on the general grounds, newly discovered evidence and use of the wrong standard.

On April 17, 1991, the court entered its denial of the motion, including "Findings of Fact and Conclusions of Law," reiterating that

---

[1] No transcript was requested in the notice of appeal and we have none before us.

there was no common law marriage; that although there was controversy as to whether the child was "willingly surrendered" by or was "forcibly taken from" Gregg, "the child was physically located within the jurisdiction of the Court at the time" the petition for divorce was filed; that prior to the divorce proceeding, Barnes had never attempted to legitimate the child; that prior to the legitimation order the mother "was entitled to possession of the child as provided in OCGA § 19-7-25" and that the domicile of the child was that of the mother under OCGA § 19-2-4; but that notwithstanding all this, the court "concludes that [Gregg] and the minor child are subject to the jurisdiction of this Court," the legitimation was granted, and Barnes was awarded "permanent custody."

1. Considering the first three enumerations together, we determine whether the court erred in not dismissing the divorce complaint or entering judgment upon it when no marriage was found; whether Barnes had standing in that proceeding to contest custody of the child; and whether the court had jurisdiction of the child and the issue of its custody.

OCGA § 19-7-23 (1) defines a "child born out of wedlock" as one "whose parents are not married when that child is born or who do not subsequently intermarry." At the time of the child's birth, there was no ceremonial marriage existing between Barnes and Gregg nor had any court recognized the existence of a common law marriage. Whether or not a common law marriage exists is a question of fact, requiring proof of simultaneous existence of all elements of OCGA § 19-3-1. *Edwards v. Edwards*, 188 Ga. App. 821, 822 (1) (374 SE2d 791) (1988); see *Brown v. Carr*, 198 Ga. App. 567, 568 (402 SE2d 296) (1991).

First, considering Gregg's motion to dismiss the complaint, it was, in essence, one for failure to state a claim upon which relief could be granted. However, the brief submitted by her in support of that motion contained factual allegations and argument. On August 27, 1990, several affidavits were filed to the effect that she and Barnes had never held themselves out as husband and wife and that he had publicly stated that they were not married. While no opposing affidavits were submitted at that point the court conducted an evidentiary hearing on the matter. Since the factual issue determined by the court, existence of a common law marriage, was disputed, denial of the motion to dismiss, converted to one for summary judgment when evidence and argument were submitted, was not error. *Blasingame v. Blasingame*, 249 Ga. 791, 792 (294 SE2d 519) (1982); *Webb v. State Auto. &c. Ins. Co.*, 198 Ga. App. 609, 610 (402 SE2d 352) (1991).

Following the court's determination that no common law marriage existed, there was pending Barnes's prayer for custody of the child included in the complaint, Gregg's counterclaim, setting out her

claim that the child was illegitimate and custody of the child was hers alone, and the Petition to Legitimate filed by Barnes.

Under OCGA § 19-7-22, "[a] father of a child born out of wedlock may render the same legitimate by petitioning the superior court of the county of his residence, [or] the county of residence of the child." Therefore, there was jurisdiction for purposes of considering the legitimation. Under OCGA § 19-7-22, the mother is entitled to notice of the petition to legitimate and may voice objection. *In re Application of Ashmore*, 163 Ga. App. 194 (1) (293 SE2d 457) (1982); *In re Pickett*, 131 Ga. App. 159, 161 (205 SE2d 522) (1974). Here, the mother had notice and had additionally consented to try "all issues between the parties," which included competing claims for custody of the child. Since no objection to the legitimation appears of record, we must assume that the evidence supported the amendment and the judgment of legitimation was authorized. OCGA § 19-11-15 (a) & (b); *Hopkins v. Hopkins*, 168 Ga. App. 144 (308 SE2d 426) (1983).

Pending the legitimation, the provisions of OCGA § 19-7-25 controlled as far as the issue of legal custody of the child as follows: "Only the mother of a child born out of wedlock is entitled to [her] custody, unless the father legitimates him as provided in OCGA § 19-7-22. Otherwise, the mother may exercise all parental power over the child."

While, prior to the judgment of legitimation, Barnes had no standing to raise any issue as to custody of the child, *Hall v. Hall*, 222 Ga. 820, 821 (152 SE2d 737) (1966), upon legitimation, the father stands in the same position as any other parent as to custody of the legitimated child and has a claim to parental and custodial rights. *Mitchell v. Ward*, 231 Ga. 671, 672 (203 SE2d 484) (1974); see *Sims v. Pope*, 228 Ga. 289, 291 (185 SE2d 80) (1971).

While legitimation provides standing to the father, it does not, ipso facto, effect a change in custody. *Sims*, supra; see generally *In re Baby Girl Eason*, 257 Ga. 292 (358 SE2d 459) (1987) (discussing continuum of unwed father-child relationships with assigned degrees of protection afforded to rights to custody when child to be adopted by third parties). Legitimation itself allows the child to be capable of inheriting from the father in the same manner as if born in lawful wedlock and authorizes the court to order the father to pay support. OCGA § 19-7-22.

Consideration of the issue of custody, however, is not precluded in a situation where that claim as well as legitimation is pending before the court by consent of the parties and there is jurisdiction of the parents, child, and subject matter in the court.

Barnes contended that the court had a separate basis for jurisdiction over the child custody issue by virtue of the Uniform Child Custody Jurisdiction Act. OCGA § 19-9-41 et seq. OCGA § 19-9-43 (a)

states that "[a] court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: (1) This state: (A) Is the home state of the child at the time of the commencement of the proceeding; . . ." Here, the child had continually lived in Georgia and this was the child's home state. OCGA § 19-9-42 (5). Therefore, the court had jurisdiction of the child and the issue of its custody. *Kemp v. Sharp*, 261 Ga. 600 (409 SE2d 204) (1991); compare *Craighead v. Davis*, 162 Ga. App. 145, 147 (2) (290 SE2d 358) (1982).

2. The fourth enumeration alleges error in the court's denial of the motion to dismiss and consideration of the issue of child custody when the father illegally withheld custody of the child during the proceeding. Gregg is correct that she was the legal custodian prior to the legitimation and that the courts of this state, pursuant to the Uniform Child Custody Act, "[a]s a matter of public policy, . . . refuse to provide a forum in Georgia for relitigating custody when the noncustodial parent resident in Georgia improperly has removed the child from the physical custody of the custodial parent who resides in another state." *Etzion v. Evans*, 247 Ga. 390, 392 (1) (276 SE2d 577) (1981); *Jones v. Jones*, 256 Ga. 742, 743 (352 SE2d 754) (1987).

Here, however, Gregg had placed the issue of custody before the court and consented to the court's resolution of it. Once the legitimation issue was resolved, Barnes had an equal right to the child's physical and legal custody and the issue of his illegal withholding of the child became moot. OCGA § 5-6-48 (b) (3).

3. The fourth and fifth enumerations allege error in granting the legitimation because Gregg was not given a chance to present evidence regarding that issue and the legitimation was filed in bad faith.

Regarding the former, since no transcript of proceedings and evidence has been provided, Gregg has failed to show error as alleged and this court assumes the trial was properly conducted. Also, as to the second, pretermitting the issue of whether motive is relevant to the issue of legitimation, there has likewise been a failure to carry the burden of showing error and harm by the record. *Hendricks v. Emerson*, 199 Ga. App. 208, 209 (2) (404 SE2d 279) (1991).

*Judgment affirmed. Sognier, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 13, 1992 —
RECONSIDERATION DENIED MARCH 25, 1992 —

*Thomas S. Sunderland,* for appellant.

*Debra K. Greeson,* for appellee.