A95A0312, A95A0684. KENNEDY v. ADAMS; and vice versa.
A95A0313. GOLD v. ADAMS.
(460 SE2d 540)

McMURRAY, Presiding Judge.

Defendant Kennedy is the single mother of four children. Plaintiff Adams is the father of one of these children who initiated this action by filing a petition seeking custody of his daughter. Defendant's answer opposed plaintiff's request for custody of the child and her counterclaim sought modification of the visitation and child support provided in a consent judgment entered in a prior legitimation action. The superior court entered an order denying any change of custody but modifying visitation and child support.

Separate applications for discretionary appeal were then submitted to this court by plaintiff, defendant, and the child's guardian ad litem, Gold. All of these applications were granted resulting in these three companion appeals. Defendant Kennedy and guardian ad litem Gold maintain that the change in visitation is improper in that it amounts in substance to a change in custody. This is the sole issue presented in the appeal of the guardian ad litem Gold, Case No. A95A0313, and is also presented in Case No. A95A0312, where defendant raises an additional issue concerning the failure of the judgment below to explain the deviation in the new level of child support from the statutory guidelines. In Case No. A95A0684, plaintiff Adams appeals the refusal of the superior court to award him custody of his daughter and complains of the legal standard applied in reaching that decision. *Held*:

1. Three of plaintiff's enumerations of error in Case No. A95A0684 challenge the standard applied by the superior court in determining the custody issue. Prior to the legitimation proceeding, custody was in the mother pursuant to OCGA § 19-7-25. Upon legitimation the father stands in the same position as any other parent as to custody of the child. *Sims v. Pope,* 228 Ga. 289, 291 (185 SE2d 80). Prior to the judgment of legitimation, plaintiff had no standing to

raise any issue as to custody of the child. *Hall v. Hall*, 222 Ga. 820, 821 (152 SE2d 737). Also, while legitimation provides standing to the father, it does not effect a change in custody. *Gregg v. Barnes*, 203 Ga. App. 549, 550 (1), 551 (417 SE2d 206). Whereas in *Gregg*, supra, the parties consent to consideration of the issue of custody in a legitimation proceeding and the trial court does not lack jurisdiction of the parents, child, and subject matter, the custody issue may be resolved in the legitimation proceeding. Where there is no such consent, the custody of the child living with the mother is not changed upon legitimation and any change of custody can come about only if a subsequent custody action is filed.

In the case sub judice, there is no evidence of consent by plaintiff Adams or defendant Kennedy to consideration of the custody issue in connection with the legitimation proceeding. Nor may such consent be implied from the fact that the judgment in the legitimation action contains provisions for child support and visitation. Such findings as these are authorized in a legitimation proceeding by OCGA § 19-7-51, and while it is argued that under this statute plaintiff had an opportunity to be heard on the custody issue, this is not correct since this supposition cannot be reconciled with the cases which continue to hold that the father lacks standing to contest custody prior to judgment in a legitimation proceeding. Since visitation issues are a part of but less than all of the custody question and insofar as a provision for visitation by the non-custodial father is a modification of the custody of the mother, OCGA § 19-7-51 must represent a provision for modification of custody within the legitimation proceeding without altering the father's lack of standing to seek a change of custody. This scheme is somewhat analogous to the provisions which provide the trial courts with broad discretion to modify visitation rights even where there is no change in conditions such as required for a change of custody. See *Tirado v. Shelnutt*, 159 Ga. App. 624, 626 (2) (284 SE2d 641) and OCGA § 19-9-3 (b).

Before concluding that there has been no prior adjudication of the custody issue, it is necessary to acknowledge a third action filed a few months after the judgment in the legitimation proceeding. This third action, an earlier attempt by plaintiff Adams to establish or modify custody, was dismissed without prejudice. One of the three elements of the doctrine of res judicata is an adjudication by a court of competent jurisdiction. In this previous custody case there was no adjudication, consequently the interlocutory orders in that case, including one which at least implies in its holding that the custody issue had been resolved in the legitimation case, are not res judicata. *Williamson v. Ward*, 192 Ga. App. 857, 859 (3) (386 SE2d 727).

In the first instance, a custody dispute between parents is decided on the basis of the best interest of the child. OCGA § 19-9-3 (a);

*Mitchell v. Ward*, 231 Ga. 671, 672 (203 SE2d 484). Thereafter, before custody can be changed, the trial court must find that since the last award there has been a material change of condition affecting the well being of the child. OCGA § 19-9-1; *Templeman v. Earnest*, 209 Ga. App. 557, 558 (434 SE2d 106).

In the case sub judice, the trial court determined that the custody issue had been decided in the legitimation action and consequently applied the more burdensome criteria applicable to a petition for change of custody. Finding that there had been no material change in the child's circumstances, the trial court did not reach the issue of the best interest of the child. This was error since as developed above, there has been no previous adjudication of the custody issue. Upon remand to the trial court, the custody dispute must be resolved under the best interest of the child test.

2. Plaintiff's remaining enumeration of error maintains that he is entitled to custody as a matter of law. The comparative weight of the evidence relevant to the issue of the best interest of the child being appropriate for decision by the trier of fact, this contention clearly lacks merit. See *Parr v. Parr*, 196 Ga. 805 (27 SE2d 687). The evidence shows a mother of modest means and questionable mores who is nonetheless providing an adequate or better environment for her children. While plaintiff clearly offers his daughter certain social and economic advantages, such advantages must be weighted against the emotional toll which will result if the child is removed from the companionship of her mother and siblings, that is, from the only home she has known. These and other issues remain for determination by the trier of fact upon remand. This enumeration of error lacks merit because the evidence did not require a finding that plaintiff is entitled to custody of the child.

3. Defendant, in Case No. A95A0312, and the child's guardian ad litem, in Case No. A95A0313, enumerate as error the modification of plaintiff's visitation rights which they maintain amounts in substance to a change of custody. The judgment in the legitimation proceeding provided visitation for the father on every weekend (meaning Friday evening through Sunday evening), one month in the summer, and on an alternating schedule of holidays. In the order being appealed, with the beginning of the 1994-1995 school year, plaintiff is afforded visitation during the weekdays (meaning Sunday evening through Friday evening) while custody is returned to defendant for the weekends. The schedule being appealed also provides the father with visitation for one month in the summer (less alternating weekends), alternating weekends during two months that the child remains with her mother, and on an alternating schedule of holidays.

Since the time of visitation provided plaintiff under the new visitation schedule exceeds the time of custody allowed defendant there

can be no doubt that the new visitation schedule is in substance a change of custody. OCGA § 19-9-22 (2). It was error for the trial court to indirectly effect a change in custody by modifying the visitation schedule. *Martin v. Buglioli*, 185 Ga. App. 702 (365 SE2d 866); *Bullington v. Bullington*, 181 Ga. App. 256, 257 (2) (351 SE2d 700).

4. The final enumeration of error to be considered is raised by defendant who complains of the lack of written findings to support the trial court's departure from the statutory guidelines in determining the child support awarded. An award of child support outside the statutory range requires a written finding of special circumstances. OCGA § 19-6-15 (c). The award of child support in the case sub judice being beyond the range of the statutory guidelines, the trial court erred in failing to provide the required written findings.

*Judgment reversed. Andrews, J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED JULY 7, 1995 —
RECONSIDERATION DENIED JULY 26, 1995.

*Alice C. Stewart*, for appellant (case no. A95A0312).

*Sumner & Hewes, David A. Webster*, for appellant (case no. A95A0313).

M. Debra Gold, *pro se.*

*Smith & Diment, Dana G. Diment*, for appellee.