### A97A1404. PALMER v. PINKSTON.
(492 SE2d 285)

POPE, Presiding Judge.

This appeal arises from a legitimation proceeding in which the father and mother stipulated that the child was the legitimate child of the father, that the father would pay child support, and that the father and mother would have joint legal custody. At a non-evidentiary hearing, the trial court orally specified the father's visitation schedule and denied the father's request to change the child's name. The court then requested that the parties submit an order for his signature. But the father and mother each submitted their own version of the order — and the trial court signed and filed *both*. The orders were similar in most respects, but differed in at least one particular: although both orders used the words "joint legal custody," the order submitted by the mother stated that while "the parties shall make reasonable efforts to communicate with each other prior to making decisions affecting the welfare of the minor child, and . . . shall attempt to arrive at a jointly agreeable decision regarding the child's welfare, . . . in the event that the parties are unable to agree between themselves, the [mother] shall have the authority to make any such decisions." Because the trial court erred in signing both orders rather than choosing one or writing its own, we vacate both orders and remand the case to allow the entry of a new order.

1. Focusing on the order submitted by the mother, the father argues that the language giving the mother final decision-making authority is inconsistent with OCGA § 19-9-6 (2)[1] and effectively

---

[1] OCGA § 19-9-6 (2) defines "joint legal custody" as "both parents have equal rights and responsibilities for major decisions concerning the child, including the child's education, health care, and religious training; provided, however, that the court may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions."

grants the mother sole legal custody. Because a new order must be entered, this issue is not ripe for resolution. We note, however, that the lower court can look for guidance to *Scott v. Scott*, 227 Ga. App. 346 (489 SE2d 117) (1997), in which we approved an order giving a mother final authority to make decisions concerning education, health, and religious training where the father retained equal decision-making responsibility in other areas and an opportunity to voice his views with respect to the three named areas. Id. at 350 (4).

2. The father also contends the trial court erred in ruling that it did not have authority to enter a temporary custody order in a legitimation proceeding. OCGA § 19-9-3 (e) authorizes the entry of a temporary custody order when a petition for a change of custody has been filed. But whether this Code section applies to a custody dispute arising in the context of a legitimation proceeding is a question which has not been directly answered; and we granted this discretionary appeal to do so. Upon review of the whole record, however, it appears this is not an appropriate case in which to decide this question, because the mother did not consent to an adjudication of the physical custody issue in this legitimation proceeding.[2] See *Kennedy v. Adams*, 218 Ga. App. 120 (1) (460 SE2d 540) (1995) (physical precedent only); *Gregg v. Barnes*, 203 Ga. App. 549, 550 (1) (417 SE2d 206) (1992) (physical precedent only). In *Kennedy* and *Gregg*, we said that custody issues may be adjudicated in a legitimation proceeding — but only with the consent of the parties. In the absence of the mother's consent, if the father wishes to petition for a change in physical custody, he must do so in a separate proceeding after the judgment of legitimation is entered.

There was much unnecessary confusion in this case. This was caused in part by the parties' failure to put their stipulations in writing. Putting the stipulations in writing would, of course, have clarified for the record to what the parties agreed. But even more importantly, the process of putting the stipulations in writing might have helped the parties realize that they had not in fact reached agreement and that further work was necessary.

And further confusion was caused by loose references to "custody," without distinguishing between legal and physical custody. While they are obviously related issues, it is important to remember that they are discrete issues. Parties can stipulate as to one of these issues but not the other, and can consent to have one adjudicated in a

---

[2] The mother's counsel stated at the hearing that she did not consent to adjudication of the physical custody issue, and in the absence of anything in the record showing she did, we accept this statement. We note, however, that in the order the mother submitted she addresses the physical custody issue. If that issue is not being adjudicated, the order should not address it; there is no need to state the status quo.

legitimation proceeding but not the other.

3. Lastly, the father asserts the trial court abused its discretion in denying his request to change the child's last name to his own. A trial court has broad discretion in deciding whether to grant a request to change the name of a child, and the court's decision will not be reversed unless it clearly abuses its discretion by ignoring the best interests of the child. See *Johnson v. Coggins*, 124 Ga. App. 603, 604 (184 SE2d 696) (1971). In this case, the court noted that the child had lived with the mother and used her last name for two years prior to the legitimation. After the legitimation, the child continues to live with the mother,[3] and the record does not reveal any reason why a name change would be in the child's best interest. Accordingly, the trial court did not abuse its discretion in denying the father's request.

*Judgment vacated and case remanded. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 15, 1997.

*Monzer J. Mansour*, for appellant.

*The Dan-Fodio Law Group, Janel O. Bowles, James C. West III*, for appellee.

---

[3] See *Gregg v. Barnes*, 203 Ga. App. at 551 (1) (prior to legitimation, only mother is entitled to custody, and legitimation process itself does not effect a change in custody).