A98A1043. FLANNAGAN v. CANTRELL.
(505 SE2d 53)

POPE, Presiding Judge.

Appellant Susan Flannagan asserts as her sole enumeration that the trial court erred in adjudicating, without her consent, the issue of her son's custody in a legitimation action filed by Kenneth Frank Cantrell, the child's biological father.

On April 9, 1997 Cantrell filed a legitimation petition pursuant

to OCGA §§ 19-7-22 and 19-7-43 and, as part of his prayer for relief, requested that the trial court award him custody of his son. The petition was served upon Flannagan on July 15, 1997, and a hearing was scheduled for August 5, 1997. Flannagan did not attend the hearing because she claims that Cantrell told her that the hearing had been postponed.

The hearing took place on August 5, 1997, and on August 18, 1997, the trial court entered an order granting Cantrell's petition for legitimation and also granting physical custody of the child to Cantrell. Flannagan subsequently moved to set aside the order of custody on the grounds that Cantrell had no standing to raise that issue in his petition for legitimation and that she had not consented to the adjudication of the issue of custody in the legitimation proceeding. In an order dated October 8, 1997, the trial court granted the motion to set aside its August 18, 1997 order and further legitimized Cantrell as "the legal father of the child of the parties." The trial court also granted Cantrell temporary custody over the child until a hearing could be held on the issue of permanent custody. The trial court then signed a certificate of immediate review allowing Flannagan to appeal the grant of temporary custody, and this appeal addresses only the portion of the October 8, 1997 order addressing custody.

This Court previously has held that "custody issues may be adjudicated in a legitimation proceeding — but only with the consent of the parties. In the absence of the mother's consent, if the father wishes to petition for a change in physical custody, he must do so in a separate proceeding after the judgment of legitimation is entered." *Palmer v. Pinkston*, 228 Ga. App. 514, 515(2) (492 SE2d 285) (1997). See *Kennedy v. Adams*, 218 Ga. App. 120(1) (460 SE2d 540) (1995) (physical precedent only); *Gregg v. Barnes*, 203 Ga. App. 549, 550 (1) (417 SE2d 206) (1992) (physical precedent only). Cf. *Best v. Acker*, 133 Ga. App. 250, 251 (2) (211 SE2d 188) (1974) ("custody and control of the child [are] not involved as a distinct issue in [a legitimation] hearing"). In this instance, there is no record that Flannagan consented to the adjudication of the custody issue. Therefore, the trial court could not consider the issue, and we reverse the portion of the October 8, 1997 order granting temporary custody to Cantrell.

Cantrell urges that the trial court should be allowed to determine custody in this proceeding because it would cause the least disruption to the child's living arrangements if Cantrell is ultimately granted custody. Thus, he argues that allowing the trial court to determine custody is in the best interests of the child, which he asserts is the standard that should govern this proceeding. While this Court previously has held that the best interests of the child standard should be applied to determine whether a father could legitimize a child, *Mabry v. Tadlock*, 157 Ga. App. 257, 259 (277 SE2d

688) (1981); *Best v. Acker*, 133 Ga. App. at 252, the application of the standard to the issue of legitimation does not expand the authority of a trial court to consider matters not properly before it in a legitimation proceeding.

*Judgment reversed. Ruffin, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the reversal because the issue of custody was not properly before the court.

By amendment effective July 1, 1997, the statute expressly stated that "[i]ssues of name change, visitation, and custody shall not be determined by the court until such time as a separate petition is filed by one of the parents or by the legal guardian of the child. Custody of the child shall remain in the mother until a court order is entered addressing the issue of custody." Ga. L. 1997, pp. 1613, 1628-1629, § 14 (OCGA § 19-7-22 (g)). Because this prohibition was part of a whole new subsection which addressed petitions brought by the Department of Human Resources, it is reasonable to construe the statute so as to limit the prohibition to DHR-instituted instances, which Cantrell's petition is not.

But even if the exclusion of jurisdiction of the issue of custody was meant to apply to all legitimation actions presented in accordance with OCGA § 19-7-22, and thus include father Cantrell's, it appears that there would be no prohibition. The reason is that what is now designated in the Code as subsection (g) of OCGA § 19-7-22 was dropped when the statute was amended for the second time in 1997, also effective July 1.

The second amendment redesignated the first four sentences of subsection (a) as subsections (a) through (c), deleted the last sentence of subsection (a), and added new subsections (d) through (f). Ga. L. 1997, pp. 1681, 1685, § 5. This second amendment did not retain the subsection which had been added as (b) in the previous act. Instead, the Code Commission added it as subsection (g), and that is why it appears in the Code. But OCGA § 28-9-5 does not authorize the Commission to add back to the law sections which the General Assembly has deleted. The return of this substantive provision is not a grammatical or editorial change of the type listed in that statute, which defines and limits the Code Commission's powers.

Thus, whether or not what is shown as subsection (g) of OCGA § 19-7-22 is the current law of Georgia and was the law when the trial court acted, the practice of adjudicating custody in legitimation proceedings with the mother's consent is still permitted.

DECIDED JULY 23, 1998.

*Smith, Wallis & Scott, Christopher B. Scott*, for appellant.
*William K. Baldwin*, for appellee.