## A01A2042. PETERSEN v. TYSON.
### (559 SE2d 164)

MIKELL, Judge.

We granted a putative father's application for interlocutory appeal to determine whether the trial court erred in refusing to hold a temporary hearing to consider awarding him visitation privileges.

---

For the reasons set forth below, we affirm.

Troy Petersen filed a petition to legitimate Holly Tyson's child, seeking to change the child's surname, to obtain joint legal custody of the child, to establish visitation rights, and to have child support established according to statutory guidelines. Tyson answered and sought to dismiss Petersen's request for name change, joint legal custody, and visitation for failure to state a claim upon which relief could be granted. However, Tyson also requested that Petersen be ordered to undergo paternity testing, and she counterclaimed for child support and other expenses, in the event Petersen proved to be the child's father.

Petersen filed a motion for a temporary hearing on the issue of visitation, citing as authority OCGA § 19-7-46.2. Tyson objected on the ground that the statutes governing legitimation proceedings, OCGA §§ 19-7-22 and 19-7-25, do not authorize the grant of visitation to a putative father over the mother's objection. After a hearing, the trial court denied Petersen's motion for a temporary hearing and certified its order for immediate review.

OCGA § 19-7-25 provides that "[o]nly the mother of a child born out of wedlock is entitled to his custody, unless the father legitimates him as provided in Code Section 19-7-22."

> This Court previously has held that "custody issues may be adjudicated in a legitimation proceeding — but only with the consent of the parties. In the absence of the mother's consent, if the father wishes to petition for a change in physical custody, he must do so in a separate proceeding after the judgment of legitimation is entered." *Palmer v. Pinkston*, 228 Ga. App. 514, 515 (2) (492 SE2d 285) (1997). See also *Gregg v. Barnes*, 203 Ga. App. 549, 550 (1) (417 SE2d 206) (1992) (physical precedent only).

*Mezquita v. Campbell*, 238 Ga. App. 396, 398 (1) (519 SE2d 27) (1999).

In *Flannagan v. Cantrell*, 233 Ga. App. 547 (505 SE2d 53) (1998) (physical precedent only), we reversed an order granting temporary custody to the father, holding that absent the mother's consent, the trial court was not authorized to consider the issue. In *Kennedy v. Adams*, 218 Ga. App. 120, 121 (1) (460 SE2d 540) (1995) (physical precedent only), we held that the grant of visitation privileges to the noncustodial father was tantamount to a modification of the mother's custody. By modifying the visitation schedule, the trial court indirectly effected a change in custody. Id. at 123. The Supreme Court reasoned similarly in *Atkins v. Zachary*, 243 Ga. 453-454 (254 SE2d 837) (1979), that "when one party is granted an increase in visitation

rights, the other party's custodial rights are necessarily affected. They are, in fact, diminished." The Supreme Court addressed this issue again in *Pruitt v. Lindsey*, 261 Ga. 540 (407 SE2d 750) (1991): "Under the current legislative scheme, if a father wants to gain the right to custody *or visitation*, he must take the steps required by OCGA § 19-7-22 to 'legitimate the child,' or, more correctly, to legitimate the relationship between himself and the child." (Emphasis supplied.) Id. at 542 (2).

It seems clear, therefore, that a trial court has no authority to consider any issues related to custody, including visitation, prior to a final determination of legitimation. In the case at bar, however, by asserting a counterclaim for paternity, Tyson converted the legitimation action into a paternity suit. *Holcomb v. Ellis*, 259 Ga. 625 (385 SE2d 670) (1989). Clear and convincing evidence of paternity is a prerequisite to the trial court's authority to consider an award of visitation to the putative father. OCGA §§ 19-7-46.2 (a); 19-7-51. The record in this case contains no such evidence. Accordingly, the trial court did not err in refusing to hold a temporary hearing to consider an award of visitation.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 24, 2002.

*Spruell, Taylor & Associates, Melinda D. Taylor*, for appellant.
*Richard L. Moore*, for appellee.