### A03A1080. PRITCHETT v. MERRITT.
(587 SE2d 324)

ELDRIDGE, Judge.

Nakeshia M. Pritchett and Timothy R. Merritt, though never married, are the parents of three minor children. Merritt filed a petition to legitimate the three children. The mother answered, requested that the petition be denied, and counterclaimed to termi-

---

nate Merritt's parental rights. Following a hearing, the trial court entered a final judgment granting the petition to legitimate, awarding child support, granting visitation to Merritt, and dismissing Pritchett's counterclaim to terminate Merritt's parental rights for lack of subject matter jurisdiction. Pritchett appeals from this order pursuant to our grant of a discretionary appeal. For the reasons set forth below, we affirm in part and reverse in part.

1. Pritchett alleges that the trial court erred in granting visitation to Merritt. Under the facts of this case, we agree.

> In *Kennedy v. Adams*, 218 Ga. App. 120, 121 (1) (460 SE2d 540) (1995) (physical precedent only), we held that the grant of visitation privileges to the noncustodial father was tantamount to a modification of the mother's custody. By modifying the visitation schedule, the trial court indirectly effected a change in custody. Id. at 123. The Supreme Court reasoned similarly in *Atkins v. Zachary*, 243 Ga. 453-454 (254 SE2d 837) (1979), that "when one party is granted an increase in visitation rights, the other party's custodial rights are necessarily affected. They are, in fact, diminished." The Supreme Court addressed this issue again in *Pruitt v. Lindsey*, 261 Ga. 540 (407 SE2d 750) (1991).

*Petersen v. Tyson*, 253 Ga. App. 431, 432-433 (559 SE2d 164) (2002).

Custody issues may be adjudicated in a legitimation proceeding only with the consent of the parties. See *Petersen v. Tyson*, supra at 432; *Palmer v. Pinkston*, 228 Ga. App. 514, 515 (2) (492 SE2d 285) (1997); *Gregg v. Barnes*, 203 Ga. App. 549, 551 (1) (417 SE2d 206) (1992). There was no such consent in this case. Merritt did not seek visitation or custody in his petition. Further, the mother's answer and counterclaim did not raise the issue of visitation or custody. The mother vigorously opposed Merritt's efforts to legitimate the children and sought to terminate his parental rights stating that he had rarely paid child support; that he had failed to be involved with the children; and that her husband was acting as father to the children and desired to adopt them if Merritt's parental rights were terminated. "In the absence of the mother's consent, if the father wishes to petition for a change in physical custody, he must do so in a separate proceeding after the judgment of legitimation is entered. [Cits.]" *Petersen v. Tyson*, supra at 432. Accordingly, we reverse that portion of the trial court's judgment awarding Merritt visitation with the children.

2. Pritchett further alleges that the trial court's grant of legitimation was not in the best interests of the children. However, a transcript of the hearing, or a statement of facts made pursuant to OCGA

§ 5-6-41 (g), has not been made part of the record on appeal. In the trial court's holding that the children be legitimated, it is implicit that the trial court found that legitimation was in the children's best interests. In accordance with the presumption in favor of the regularity of court proceedings, we must assume that, in the absence of a transcript, the trial court's findings are supported by sufficient competent evidence. *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999). "Where no transcript is included in the record on appeal we must assume that the evidence was sufficient to support the judgment. [Cits.]" *Burns v. Barnes*, 154 Ga. App. 802 (1) (270 SE2d 57) (1980). "This court is a court for the correction of errors and its decision must be made on the record and not upon the briefs of counsel." (Citation and punctuation omitted.) *Frank v. State of Ga.*, 257 Ga. App. 164, 165 (1) (570 SE2d 613) (2002). Pritchett "has failed to meet her burden of showing error by the record; therefore, we will not disturb the order of the trial court [legitimating the children]. [Cit.]" Id.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 17, 2003.

*Alexander G. Hait*, for appellant.
Timothy R. Merritt, *pro se*.