## A05A0811. BRAYNON v. HILBERT.
### (621 SE2d 529)

MIKELL, Judge.

Keith Braynon appeals from the trial court's order denying his petition for custody of his four-year-old son after Braynon legitimated the child. Braynon asserts that the trial court applied the wrong legal

---

standard in its evaluation of the custody issue. For reasons that follow, we agree and reverse.

The record shows that Braynon filed a petition to legitimate the minor child, and that, after mediation, he entered into a consent agreement with the child's mother, Alexa Hilbert, in which she consented to the legitimation. The consent agreement also provided visitation rights for Braynon and obligated him to continue to provide child support. The issue of custody was not addressed in the consent agreement, and the trial court approved the agreement.

After obtaining the order legitimating his son, Braynon filed a separate action seeking custody of his son. Although titled a "petition for change of custody," Braynon's counsel clarified in the hearing on the petition that he sought to obtain a judicial decree establishing the custody rights of the child's parents for the first time. The trial court denied Braynon's petition based on its conclusion that Braynon was required to establish a change of circumstances affecting the welfare of the child in order to obtain custody. The trial court also denied Braynon's motion for new trial, and rejected his argument that the trial court should have applied a best interest of the child analysis when establishing the custody rights of the parents for the first time, as opposed to a change of circumstances standard.

On appeal, Braynon argues that the trial court applied the wrong analysis to his petition for custody. We agree. OCGA § 19-7-25 provides that "[o]nly the mother of a child born out of wedlock is entitled to his custody, *unless* the father legitimates him as provided in Code Section 19-7-22." (Emphasis supplied.) Thus, unless a father legitimates his child, he has no standing to seek an award of custody. *Hall v. Hall*, 222 Ga. 820, 821 (152 SE2d 737) (1966). Moreover, "the custody of the child living with the mother is not changed upon legitimation[,] and any change of custody can come about only if a subsequent custody action is filed." *Kennedy v. Adams*, 218 Ga. App. 120, 121 (1) (460 SE2d 540) (1995) (physical precedent only).

Once a child is legitimated, however, "the father stands in the same position as any other parent" (citation omitted) *Sims v. Pope*, 228 Ga. 289, 291 (185 SE2d 80) (1971); and "has a claim to parental and custodial rights with respect to his child." (Citation omitted.) *Mitchell v. Ward*, 231 Ga. 671, 672 (203 SE2d 484) (1974). In a case where the father seeks custody after legitimation, the trial court should apply the best interest of the child standard set forth in OCGA § 19-9-3 (a). *Kennedy*, supra at 122 (1). As there has been no previous adjudication of the custody issue in such a case, the change in conditions analysis should not be used. Id. Compare *Gazaway v. Brackett*, 241 Ga. 127, 128 (244 SE2d 238) (1978) ("Once a permanent child custody award has been entered, the test for use by the trial

court in change of child custody suits is whether there has been a 'change of conditions affecting the welfare of the child.' ") (citations omitted).

Since the trial court applied the wrong legal analysis to Braynon's custody petition, we vacate its custody order and remand this case "to the trial court for further proceedings at which both parties will be permitted to present evidence as to what disposition of the child would be in the child's best interest." *Mitchell,* supra.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 16, 2005.

*Divida Gude,* for appellant.
*Audrey Johnson,* for appellee.