**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 19, 2013**

# In the Court of Appeals of Georgia

A12A2512. RIGGINS v. STIRGUS.                                      MI-116

MILLER, Presiding Judge.

Essa Riggins appeals from the trial court's order granting Eric Stirgus's application to change their son's surname from "Riggins" to "Riggins Stirgus."[1] Riggins contends that the trial court erred in granting Stirgus's application for a name change in the absence of evidence establishing that the name change was in the best interests of her son. For the reasons set forth below, we affirm.

"It is well established that factual findings made by a trial court when sitting without a jury will not be disturbed on appeal unless they are clearly erroneous or

---

[1] Stirgus sought to change the name of his child through his legitimation petition. See OCGA § 19-7-22 (g) (1). The parties reached a partial agreement on the issues of legitimation, custody, visitation and medical insurance coverage. The parties also reached an agreement on monthly child support.

wholly unsupported by the evidence. In a bench trial, the trial court sits as the trier of fact, and it is the sole arbiter of the credibility of witnesses." (Citation, punctuation, and footnote omitted). *Carden v. Warren*, 269 Ga. App. 275, 276 (1) (a) (603 SE2d 769) (2004). Moreover, "the trial court has broad discretion in deciding whether to grant a request to change the name of a child, and the court's decision will not be reversed unless it clearly abuses its discretion by ignoring the best interests of the child." (Citation, punctuation, and footnote omitted). Id. at 277 (2) (a).

So viewed the evidence showed that Riggins gave birth to her son, E. R., on December 6, 2007. E. R.'s birth certificate listed his mother's maiden name, Riggins, as his last name. Stirgus confirmed E. R.'s paternity through DNA testing when E. R. was two months old. Stirgus subsequently began paying approximately $300 - $500 per month in child support for E. R., and visited with E. R. every other weekend.

In late July 2010, Riggins and E. R. moved to Texas, where Riggins was raised. Stirgus subsequently filed his legitimation petition, and sought an order changing E. R.'s surname. Stirgus did not see E. R. for a year following E. R's move to Texas, however, Stirgus maintained contact with E. R. through phone calls. E. R. visited Stirgus for a month in the summer of 2011, and again for a week during the 2011 Christmas holiday.

In February 2012, the trial court held a hearing on Stirgus's name change request. At the hearing, Stirgus testified that the name change would strengthen his bond with E. R. and ensure that E. R. bonded with Stirgus's relatives. Stirgus also argued that E. R. no longer has the same surname as Riggins, who changed her name to Charles when she married. The trial court subsequently entered a final legitimation order, in which the trial court ordered E. R.'s surname changed to "Riggins Stirgus." This Court granted Riggins's application for discretionary appeal.

In her sole enumeration of error, Riggins contends that the trial court erred in granting Stirgus's petition for a name change because insufficient evidence supported a conclusion that the name change was in E. R.'s best interests. We disagree.

OCGA § 19-7-22 provides that a father of a child born out of wedlock may petition the court for legitimation of the child and may include a request to change the child's name as part of the legitimation petition. See OCGA § 19-7-22 (b), (g) (1). The history of the legitimation statute shows that the legislature intended to provide a statutory right whereby a child could inherit from the father's estate and enjoy the father's name. See *In re Pickett*, 131 Ga. App. 159, 160, n. 1 (205 SE2d 522) (1974).

Neither OCGA § 19-7-22, nor case law set standards for determining a child's best interest. Nevertheless, the record shows that the trial court considered E. R.'s

3

best interest in granting the name change request, and noted that E. R. and Riggins no longer share the same surname. See *Johnson v. Coggins*, 124 Ga. App. 603, 604 (184 SE2d 696) (1971) (affirming the grant of a name change request so that the children would have the same surname as their mother and father); see also *Binford v. Reid*, 83 Ga. App. 280, 604 (63 SE2d 345) (1951) (affirming the grant of a name change request so that the child's surname would be the same as his mother's and his siblings'). Additionally, the evidence showed that having Stirgus's surname would strengthen the bond between father and son, and ensure that E. R. bonded with Stirgus's relatives. Although Riggins may have presented valid reasons supporting her objections to a name change, her reliance on *Palmer v. Pinkston*, 228 Ga. App. 514, 516 (3) (492 SE2d 285) (1997), was misplaced, because *Palmer* involved the denial of a name change request where the child and mother had the same surname. Id. Since the evidence supports the trial court's ruling, and the trial court did not ignore the best interests of the child, the Court of Appeals following the abuse of discretion standard must affirm.

*Judgment affirmed. Ray and Branch, JJ., concur.*